SCHEB, Judge.
Appellant, Jay Walton Taylor, was charged with the crime of rape, tried by jury, and found guilty of assault with intent to commit rape.
Appellant’s only meritorious point on appeal is whether the trial court’s refusal to give a requested jury instruction on when to disregard confessions and admissions and the weight to be given thereto was reversible error. We hold that under the circumstances in this case it was. We reverse.
The appellant, age 26, acknowledged having sex relations with the female victim, age 32, on the date and place of the alleged crime, but claimed the victim consented. The victim contended she resisted the appellant, but nevertheless, he forced her to have relations with him; and, through fear, she did not resist a second act of intercourse which followed. She refused to discuss the alleged rape with the police until persuaded to do so by her parents; however, she was seen by a police officer at the hospital a few hours after the episode and the officer did not observe any bruises or red marks on her body.
There were direct conflicts in the testimony. The victim contended she was dragged into her bedroom by appellant who had forced his way into her house. The appellant, however, contended he had seen the victim at a cocktail lounge earlier in the night and had gone to her house to visit a girl friend whom he believed to be living there, and the victim invited him in and consented to his advances. The victim acknowledged the appellant allowed her to call her girl friend upon completion of their sex relations. With the conflicts which developed in the testimony and the fact that the circumstantial evidence was somewhat weak, credibility became extremely important.
Appellant had been fully advised of his “Miranda” rights by a Sarasota Police Officer who had played football with appel *429 lant in high school and had been a friend of his for 10 years. This officer spent many hours interrogating the appellant over a four day period which culminated in the appellant allegedly making certain in-culpatory statements concerning the alleged crime. The trial judge denied appellant’s motion to suppress these statements. At trial the officer, over appellant’s objection, testified as to the appellant’s admission of having hit and hurt the victim and his further admission that he was sick and should be punished. In his testimony the appellant denied these inculpatory statements.
At the conference on instructions, appellant’s counsel requested the trial judge to give Florida Standard Jury Instruction 2.-12(i), Confessions, which provides:
A statement (admission) (confession) made out of court by a person charged with crime should be received and acted upon with great caution. It cannot be considered as evidence against him unless it was freely and voluntarily made. Any statement (admission) (confession) made because of or induced by any threat, promise or other inducement held out to the defendant by anyone was not freely and voluntarily made and should be wholly disregarded.
A statement (admission) (confession) voluntarily made should be given fair and unprejudiced consideration with due regard to the time and circumstances under which it was made, its harmony or consistency with other evidence as well as the motives shown by the evidence to have influenced the making of the statement (admission) (confession). You may believe any part of such a statement (admission) (confession) which you find to be true and reject those parts which you find to be untrue.
The trial judge included only the second paragraph of the Instruction 2.12(i) above.
We find no merit to appellant’s contention that his statements to the police officer should have been suppressed. It was error, however, for the trial court to refuse to either give the requested instruction or its equivalent as to when to disregard such admissions, as well as what weight to be given them. Harrison v. State, 1942, 149 Fla. 365, 5 So.2d 703.
In view of the circumstances surrounding appellant’s admissions to the police and the appellant’s in-court denial of such admissions, it was critical that the jury receive proper instructions as to their function in weighing these admissions. The evidence outside the admissions is contradictory and not so overwhelming as to make the failure to give the requested instruction harmless. Kinchen v. State, Fla.App.3d 1974, 297 So.2d 341.
Accordingly, the judgment and sentence of the trial court are vacated and the case is remanded to the trial court for a new trial.
GRIMES, Acting C. J., and SCHWARTZ, ALAN R., Associate Judge, concur.