McCORD, Chief Judge.
On August 18,1977, our opinion was filed in the above appeal, 350 So.2d 780. In the final paragraph thereof, we relinquished jurisdiction to the trial court with directions that a hearing be held to determine whether or not a threat or threats had been made to Officer Hoover or his family upon which he grounded his refusal to answer certain questions upon appellant’s discovery deposition and also to determine whether or not appellant was prejudiced by the officer’s failure to answer the questions. Thereafter, such hearing was held and the trial judge has entered his order making the following findings of fact:
“A. No threats were made upon Officer Hoover before trial by the Appellant nor by anyone acting in concert with him, or at his direction or request nor upon his behalf.
B. There is evidence that Appellant had contact with Officer Hoover on two occasions since the trial. On the first Appellant is alleged to have told Officer Hoover, in substance, ‘If you want to stay alive, you’ll get out of town.’ On the second Appellant is alleged to have told Officer Hoover, ‘My people are out. We will kill you and your family.’ Upon the last of these contacts which occurred on the same day, Appellant allegedly spat upon Officer Hoover and called him a ‘S.O.B.’ The testimony of Officer Hoover with respect to these conversations is uncorroborated and denied by appellant.
C. Any threats made subsequent to the trial are irrelevant to the issues assigned to this Court for decision.
D. The verdict of the jury rested largely upon the substantive testimony of Officer Hoover. The trial may have resulted in the different verdict had the appellant been accorded the opportunity to attack or cast doubt upon the credibility of Officer Hoover by evidence which might have been developed upon inquiry into those matters which he refused to disclose.”
The trial judge further found:
“The Appellant’s right to effective trial preparation and proper cross examination were prejudiced by the refusal of Officer *148 Hoover to disclose his residence address, his marital and parental status.”
We have considered the record made upon remand, the trial court’s above findings, and the brief of appellant filed pursuant to our order allowing supplemental briefs. Appellee did not file a supplemental brief. We find no error in the findings of the trial court and reverse for a new trial.
RAWLS and SMITH, JJ., concur.