PER CURIAM.
The appellant, Anthony Pani, was found guilty by a jury of the crime of resisting an officer with violence to his person in violation of Section 843.01, Florida Statutes (1975). He was adjudged guilty and sentenced to five years in the state prison. On this appeal, he presents two points. The first claims error for the denial of a jury instruction. The second claims error for failure to give him credit for the time he served in the county jail prior to sentencing.
Appellant’s theory of the case was that he was not guilty because he only used sufficient force to repel the officer who assaulted him first. There was some testimony supporting this position. The court charged:
“We find that 843.01 of the Florida Statutes reads as follows:
“Whoever knowingly and willfully resists, obstructs or opposes any Sheriff, Deputy Sheriff, Officer of the Florida Highway Patrol, Municipal Police Officer, Beverage Enforcement Agent, officer of the Game and Freshwater Fish Commission, officer of the Department of Natural Resources, any member of the Florida Parole and Probation Commission or any administrative aide or supervisor employed by said Commission, any County Probation Officer or any personnel or representative of the Department of Law Enforcement or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person shall be guilty of a felony of the third degree.
“Further the law in 776.05:
“Resisting [sic][1] a law enforcement officer, or any person who[m] he has summoned, [or] directed to assist him, need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force which he reasonably believes to be necessary to defend himself or another from bodily harm while making the arrest or when necessarily committed in retaking felons who have escaped or when necessarily committed in arresting felons fleeing from justice.
“776.05[1]:
“A person is not justified in the use of force to resist an arrest by a law enforcement officer who is known or reasonably appears to be a law enforcement officer.”
Appellant requested, but did not receive, an instruction whereby the court would read to the jury verbatim Section 776.051(2), Florida Statutes (1975), which is:
“(2) A law enforcement officer, or any person whom he has summoned or directed to assist him, is not justified in the use of force if the arrest is unlawful and known by him to be unlawful.”
Under this point, appellant presents decisions from other jurisdictions holding that in the case of excessive force by a police officer, the right of self-defense is still retained by the person arrested. See People v. Curtis, 70 Cal.2d 347, 74 Cal.Rptr. 713, 450 P.2d 33 (1969). We need not decide this issue because the point presented does not raise the issue. In addition, the record does not show the presentation to the trial judge of a requested instruction in accord with defendant’s asserted theory. See Fla.R. Crim.P. 3.390.
We hold that the request for an instruction to read Section 776.051(2) was not a proper request and the failure to read that section to the jury was not reversible error in this case.
*172 Appellant’s second point claims error for the failure of the trial court at sentencing to give credit for the time appellant served in the county jail prior to sentencing. See Section 921.161, Florida Statutes (1975). We are unable to determine from the record before us the number of days defendant served in the county jail, but the possibility of error appears. Therefore, in the interests. of justice, we remand the cause to the trial court for a reconsideration of the sentence in the light of appellant’s contention.
The judgment is affirmed; the cause is remanded for a reconsideration of the sentence in the light of the contention that the trial court failed to grant credit for time appellant served in the county jail prior to sentencing.
Judgment affirmed; remanded for reconsideration of sentence.

. The word “Resisting” does not appear in the statute, which begins with the words “A law enforcement officer, or any person whom he has summoned or directed to assist him . . ”