363 So.2d 16 (1978)
Jimmy S. BUNN, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-811.
District Court of Appeal of Florida, Third District.
September 19, 1978.
Rehearing Denied October 23, 1978.
*17 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and KEHOE, JJ.
KEHOE, Judge.
Appellant, defendant below, appeals a judgment of conviction and sentence entered pursuant to a jury verdict on the charges of burglary of a dwelling and grand larceny. We reverse.
Among the points raised by appellant on appeal, his second point is dispositive of this appeal. In this point, appellant contends that the trial court erred in refusing to instruct the jury, as required by Florida Rule Criminal Procedure 3.390, on the manner in which certain of his admissions were to be evaluated and upon the weight to be attributed to such admissions, thereby denying him a fair trial.
Where, as here, the prosecution introduces an inculpatory statement of an accused into evidence, the accused is entitled to have the jury consider the circumstances under which the statement was given to determine the weight or lack of weight to be given to the statement. Normally, the jury must be provided with adequate instructions with which to evaluate the statement. See, e.g., Bates v. State, 78 Fla. 672, 84 So. 373 (1919); Williams v. State, 353 So.2d 588 (Fla.3d DCA 1977); and Fla. Std. Jury Instr. (Crim.) 2.13(i). Here, appellant made no specific request for such a charge at the charge conference, nor was such a charge given when the jury was charged. However, after the jury was charged and prior to the time it retired, appellant objected to the lack of such a charge and requested that one be given. His objection was overruled and the request denied.
Florida Rule Criminal Procedure 3.390(a) requires that the presiding judge shall charge the jury only upon the law of the case, i.e., a charge must be given which covers substantially the elements which the jury should evaluate in considering the credibility to be accorded to the statement. See Leach v. State, 132 So.2d 329 (Fla. 1961). Although we feel that the better practice would have been for appellant to have made a request for a specific instruction at the time of the charge conference, the failure of the trial court, pursuant to appellant's request for such an instruction prior to the time the jury retired, to give either the Florida Standard Jury Instruction (Criminal) 2.13(i) or another appropriate instruction constituted reversible error. See, e.g., Harrison v. State, 149 Fla. 365, 5 So.2d 703 (1942); Taylor v. State, 320 So.2d 428 (Fla.2d DCA 1975); and Fla.R.Crim.P. 3.390(a).
In the light of this determination, calling for reversal of the judgment and sentence appeal, it is unnecessary for us to consider the other points raised by appellant on appeal.
Reversed and remanded.