371 So.2d 721 (1979)
Alva Nick DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. KK-158.
District Court of Appeal of Florida, First District.
June 13, 1979.
Michael J. Minerva, Public Defender and John D.C. Newton, II, Asst. Public Defender, for appellant.
*722 Jim Smith, Atty. Gen. and Lee Mandell, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
The sentence of five years imposed as to count II of the information charging appellant with unlawfully possessing paraphernalia with the intent that such paraphernalia be used for unlawfully injecting, smoking or using a drug must be vacated since the count does not charge a felony. Section 893.13(3)(a)4(b), Florida Statutes (1977), provides essentially, depending upon the allegations charged, that possession of paraphernalia shall be either a felony of the third degree or a misdemeanor in the first degree. The information failed to charge, as required in Section 893.13(1)(f), either appellant's prior conviction of the Drug Abuse Law or that the amount of marijuana involved exceeded five grams. Cf. Pope v. State, 268 So.2d 173 (Fla.2d DCA 1972); Dicaprio v. State, 352 So.2d 78 (Fla.4th DCA 1977). While count I of the information charged appellant with possessing more than five grams of marijuana with intent to sell, the allegations of each count must be separately considered and not by reference to the other. We vacate the sentence imposed in count II and remand the cause to the trial court for the imposition of a sentence not exceeding the maximum provided by law for a misdemeanor in the first degree.
Appellant contends for the first time on appeal that the trial judge's failure to instruct the jury on the element of intent to sell marijuana as to count I and intent to unlawfully administer drugs as to count II was fundamental error. While we think appellant was required to timely object to the instructions given, Forceier v. State, 133 So.2d 336 (Fla.2d DCA 1961); Williams v. State, 109 So.2d 379 (Fla.2d DCA 1959), cert. den., 113 So.2d 836 (Fla.), we nevertheless conclude that the trial court sufficiently tracked the language contained in Florida Standard Jury Instructions and, by reason of all the instructions given, no prejudice resulted to appellant which reaches "down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without ..." the error. Brown v. State, 124 So.2d 481, 484 (Fla. 1960). See also State v. Bryan, 287 So.2d 73, 75 (Fla. 1973); Burcham v. State, 338 So.2d 1138 (Fla.2d DCA 1976); Waters v. State, 298 So.2d 208 (Fla.2d DCA 1974).
We have considered the remaining points urged for reversal by appellant, determine that they are without merit and otherwise affirm. Remanded for further proceedings consistent with this opinion.
ROBERT P. SMITH, Jr., Acting C.J. and LARRY G. SMITH, J., concur.