398 So.2d 926 (1981)
Danny Lee IVESTER, Appellant,
v.
STATE of Florida, Appellee.
No. TT-196.
District Court of Appeal of Florida, First District.
May 11, 1981.
Rehearing Denied June 2, 1981.
*928 Michael J. Minerva, Public Defender, and Carl S. McGinnes and Margaret Good, Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., Carolyn Snurkowski, Asst. Atty. Gen., and Harry Morrison, Tallahassee, for appellee.
PER CURIAM.
On appeal from a conviction of resisting arrest with violence in violation of Section 843.01, Florida Statutes, and driving while under the influence of alcoholic beverages in violation of Section 316.193, Florida Statutes, the defendant below, Danny Lee Ivester, asks us to consider two points. The first point, which is relevant to both charges, requires a determination as to whether the state failed to prove the identity of the defendant at trial. As to the second point, which relates only to the charge of resisting arrest with violence, we are asked to determine whether Ivester's motion to compel a discovery deposition of the arresting officer should have been granted. To do this we are required to ascertain whether a defendant may justify the use of force as an act of self-defense in defending against a charge of resisting arrest with violence. § 843.01, Fla. Stat.
Concerning the proof of the defendant's identity at trial, appellant Danny Lee Ivester argues that the state had the burden to prove his identity beyond a reasonable doubt. Because none of the state's witnesses identified Ivester by actually pointing him out in the court room, he seeks a reversal of his conviction for resisting an officer with violence and driving while under the influence of alcoholic beverages. We agree with the appellant that the state must establish beyond a reasonable doubt the identity of the accused at trial. When the state fails in meeting its responsibility, acquittal is a proper remedy. Ponsell v. State, 393 So.2d 635 (Fla. 4th DCA 1981); Weinshenker v. State, 223 So.2d 561 (Fla. 3rd DCA 1969) reh. denied, cert. denied, Weinshenker v. Florida, 396 U.S. 973, 90 S.Ct. 462, 24 L.Ed.2d 441.
The trial court in its charge to the jury referred to either "Danny Ivester," "the defendant," or to "the defendant, Danny Lee Ivester," no less than eighteen times. The prosecutor specifically referred to the defendant Danny Ivester, and he elicited testimony from four witnesses about him.[1] *929 Compare State v. Freeman, 380 So.2d 1288 (Fla. 1980). Because the defendant was identified beyond a reasonable doubt we affirm the first point.
The second point concerns the appellant's discovery rights under Rule 3.220, Florida Rules of Criminal Procedure, as part of his efforts to set up a defense to the charge of resisting arrest with violence. § 843.01, Fla. Stat. Apparently, as the result of his intoxication, Ivester was involved in a traffic accident. The police were called. During the investigation of the accident, Ivester was approached by Officer Tom Butcher. Butcher testified that he intended to arrest the defendant, and in preparing to do so, he was accosted by Ivester. Locked in a struggle, the two fell to the ground. Butcher said Ivester began thrashing around and punching him, until he could handcuff Ivester.
However, the testimony of some of the witnesses differs significantly from that of Officer Butcher. There was testimony that Butcher kicked Ivester, knocked a sandwich out of his hands, and threatened to "beat his brains out." In defending against the charges of resisting arrest with violence, Ivester attempted to prepare a defense based on self-defense. The assistant public defender, handling Ivester's case, deposed Officer Butcher, but on advice from the prosecutor, Butcher refused to answer many of the questions. Ivester's counsel then filed a motion to compel discovery seeking to determine, among other things, how many times Butcher had charged individuals with resisting arrest, both on the night Ivester was arrested and in general, whether he had ever been disciplined or sued for use of excessive force while on duty, and the officer's home address, neighborhood and marital status.
The motion to compel discovery was denied on the ground that a self-defense argument was "irrelevant and immaterial," because Section 776.051(1), Florida Statutes (1974), does not permit the use of force in resisting arrest. Further, the matters sought by the motion to compel discovery related to privileged or exempted matters under portions of the Public Records Act, Chapter 119, Florida Statutes, and the police officer's personal safety exception." § 914.15, Fla. Stat. (1979).
Ivester claims that he was substantially prejudiced by the failure to compel discovery, especially due to the fact that the prosecutor's closing argument portrayed Officer Butcher as part of the "new breed of police officers" and a "fine officer" with a degree in criminology. The record reveals a fact that we believe to militate in favor of Ivester's appeal. While the motion to compel discovery was denied because self-defense was "irrelevant" in a prosecution for resisting arrest with violence, the jury was instructed that self-defense could be found as a defense to the charge. We find that there may have been error in denying the motion to compel discovery and ruling in effect that a self-defense argument was not permissible.
The issue of defending against a charge of resisting arrest with violence in self-defense has never been addressed with any finality in Florida. The appellant cites Burgess v. State, 313 So.2d 479, 483 n. 4 (Fla. 2d DCA 1975) certified question dismissed 326 So.2d 441 (Fla. 1976) reh. denied. Burgess stands for the proposition that no individual has the right to use force in resisting arrest, unless he apprehends bodily harm. While we agree that this rule of law is correct, Section 776.051(1), Florida Statutes, was not in effect at the time Burgess was written. Section 776.051(1), Florida Statutes, states that "(1) A person is not justified in the use of force to resist an arrest by a law enforcement officer who is known, or reasonably appears, to be a law enforcement officer." In Lowery v. State, *930 356 So.2d 1325, 1326 (Fla. 4th DCA 1978), the court read Section 843.01, Florida Statutes, in pari materia with Section 776.051(1), Florida Statutes (1974). It was concluded that one may not resist arrest with violence, even if the arrest is technically illegal. Lowery, supra, at 1326; see also Meeks v. State, 369 So.2d 109 (Fla. 1st DCA 1979); Morley v. State, 362 So.2d 1013 (Fla. 1st DCA 1978).
The Lowery court specifically left open the question of a defendant's right to use force in self-defense pursuant to Section 776.012, Florida Statutes (1979), which states in part that: "A person is justified in the use of force, except deadly force, against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself ... against such other's imminent use of unlawful force... ." See also Pani v. State, 361 So.2d 170 (Fla. 3rd DCA 1978) reh. denied.
Sections 776.012 and 776.051, Florida Statutes (1974), were both enacted as a part of the same act. See Laws of Florida, Chapter 74-383. Statutes that are a part of a single act must be read in pari materia. Major v. State, 180 So.2d 335, 337 n. 1 (Fla. 1965). The effect of reading these statutes in pari materia is to permit an individual to defend himself against unlawful or excessive force, even when being arrested. This view is consistent with the position taken by other jurisdictions that have been confronted with questions relating to statutes similar to Sections 776.012, 776.051 and 843.01, Florida Statutes. See e.g., People v. Stevenson, 31 N.Y.2d 108, 335 N.Y.S.2d 52, 286 N.E.2d 445 (1972); People v. Curtis, 70 Cal.2d 347, 74 Cal. Rptr. 713, 450 P.2d 33 (1969); Annot. 77 A.L.R.3d 281.
Chapter 776, Florida Statutes, recognizes principles set forth in the case law of other jurisdictions in that the right of self-defense against the use of excessive force by a police officer is a concept entirely different from resistance to an arrest, lawful or unlawful, by methods of self-help. People v. Curtis, supra, at 74 Cal. Rptr. 713, 714, 450 P.2d 38-39; see also State v. Nunes, 546 S.W.2d 759, 762 (Mo. App. 1977). The former concept is grounded on the view that a citizen should be able to exercise reasonable resistance to protect life and limb; which cannot be repaired in the courtroom. The latter view is based on the principle that a self-help form of resistance promotes intolerable disorder. Any damage done by an improper arrest can be repaired through the legal processes. Id.[2]
Therefore, self-defense is not "irrelevant" to a prosecution for resisting arrest with violence. It is quite "relevant," and under Rule 3.220(d), Florida Rules of Criminal Procedure, "relevancy of a matter to the offense charged" is the basis for permitting discovery of a matter. The scope of discovery, unless privileged or limited by order of the court, includes any relevant matter or information that appears reasonably calculated to lead to the discovery of admissible evidence. Evanco v. State, 350 So.2d 780, 781 (Fla. 1st DCA 1977) rev'd. for new trial 352 So.2d 147.
The denial of the motion to compel discovery was based on the Public Records Act, as set forth in the Laws of Florida, Chapter 79-187. See §§ 119.011, 119.07 and 119.072, Fla. Stat. (1979). These sections refer to certain sensitive public records that are not open to inspection by the public. The law refers to "public records," and that term refers to "documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form of characteristics... ." § 119.011(1), Fla. Stat. (1979); see also Shevin v. Byron, Harless, Shaffer, Reid and Associates, Inc., 379 So.2d 633, 640 (Fla. 1980).
By definition a public record does not include someone's verbal answers in response to a question posed at a deposition. *931 Even if the type of answers to questions posed by Ivester's counsel did fall within the definition of a "public record," the Public Records Act could not be used to shield one from answering questions at a deposition that are relevant to a criminal prosecution. While Section 119.07(3), Florida Statutes, does foreclose certain items from public inspection the provisions of Section 119.07, Florida Statutes, are not intended to limit the effect of Rule 3.220, the discovery provisions, of the Florida Rules of Criminal Procedure. See § 119.07(5), Fla. Stat. (1979). Thus, any limitation of Butcher's testimony would have to be based on the Florida Rules of Criminal Procedure and not the Public Records Act.
Ivester's motion to compel Officer Butcher to answer questions concerning his home address, marital status, and neighborhood was also denied on the authority of Section 914.15, Florida Statutes (1979). This section permits a police officer to refrain from disclosing his residence address and personal information about his family, unless ordered to do so by a court. This represents a codification of what is known as the "personal safety exception" to the duty of the state to allow a defendant full access to witnesses who are informants or police officers. This rule permits a police officer to refrain from answering questions about his personal life when a threat has been made that affects the officer's safety or that of his family. Under the "personal safety exception," the procedure for seeking a court order to compel the type of testimony sought by Ivester is set forth in Evanco, supra, at 783. The trial court must conduct a hearing on the record to determine: 1) if there has been an actual threat to the witness or his family; 2) whether the information sought is relevant to the defendant's case; and 3) any special need for the particular information based on a showing by the defendant. Evanco, supra, at 783, citing United States v. Palermo, 410 F.2d 468 (7th Cir.1969).
It appears that the self-defense argument that Ivester's counsel intended to present was certainly relevant to a defense against the offense charged. Rule 3.220(d), Fla.R. Crim.P. Whether the information sought by Ivester should have been withheld from him, because it was truly sensitive or infringed on the personal safety of Officer Butcher or his family, we cannot say. The proper method for determination of this matter would have been by use of an in camera proceeding pursuant to Rule 3.220(i), Florida Rules of Criminal Procedure, which requires the preparation of a sealed and preserved record of the proceedings for future appellate review. Upon a showing of cause, if the information should not have been disclosed, because of the personal safety exception, irrelevancy or sensitivity, as noted for example in Rule 3.220(a)(1)(ii), Florida Rules of Criminal Procedure, a protective order regulating disclosure of that information could have been issued. See 3.220(h), Fla.R.Crim.P.
Ivester seeks a reversal of his conviction of resisting arrest with violence with a remand for a new trial due to the failure of the trial court to compel discovery. However, he has demonstrated no prejudice, other than a failure to follow the dictates of the discovery rules as amplified by this Court in Evanco, supra. The purpose of the discovery rules is to help a defendant to prepare his case, but it is not to give him a procedural escape hatch on appeal for the avoidance of the determination of a trial court, absent a showing of prejudice or harm to his case. Holman v. State, 347 So.2d 832, 834 (Fla. 3rd DCA 1977) cert. denied, 354 So.2d 981 (Fla. 1978); Ludwick v. State, 336 So.2d 701, 702 (Fla. 4th DCA 1976) reh. denied.
Because it is possible that prejudice or harm might have occurred, we relinquish jurisdiction to the trial court for sixty days for the purpose of an in camera proceeding to determine: 1) whether there has been an actual threat to Officer Butcher's personal safety or to the safety of his family; 2) if there is good cause for restricting the information or any part thereof, concerning the officer's professional background; 3) the exact nature of the officer's professional record concerning his arrest record, civil *932 suits pending against him for acts committed relating to his position as a police officer, and disciplinary record; and 4) any prejudice that may have occurred to the appellant due to the failure to compel discovery of the information sought by the motion to compel discovery. The trial judge shall enter an order stating his findings of fact thereon. The reporting and transcribing of the hearing shall be at the expense of the state in Leon County. Upon completion of the proceedings below, the state shall file the transcript with the Clerk of this Court together with a certified copy of the order of the trial judge. We will thereafter give further consideration to the question raised by Point II of this appeal.
ERVIN, SMITH, LARRY G., and SHIVERS, JJ., concur.
NOTES
[1] E.g., responses by witness Steven Nagelberg:

Q (By Mr. Meggs): All right. Now, directing your attention, if I could please sir, back to August 20, 1979. Did you have the occasion to have contact with the defendant, Danny Ivester, on that date?
A: Except for that one meeting, that is the only time I have met him or seen him before.
Q: Will you tell the jury where you were the first time you ever saw Danny Ivester, and what the circumstances of that meeting were?
A: I saw him uh  the first time was, I believe, at the intersection of Orange Avenue and Lake Bradford Road. (T.R.21)
Responses by Officer Dent:
Q (By Mr. Meggs): Did you have occasion on that day to investigate an accident involving Danny Ivester, the defendant?
A: Yes, I did.
(T.R.47)
Another witness, Albert Theodore Oaks, answered:
Q (By Mr. Meggs): Do you know the defendant, Danny Ivester?
A: Yes sir.
(T.R. 136)
The fourth witness, Leanders Harvey, testified as follows:
Q (By Mr. Meggs): Mr. Harvey, I would like to direct your attention, if I could, back to August 20, 1979. Did you have occasion to become involved, not you involved personally, but do you have information about an accident that occurred involving the defendant, Danny Ivester?
A: Yes, sir.
(T.R. 144)
[2] We note that there are limitations upon the amount of force that one can use in self-defense. § 776.012, Fla. Stat. (1974). Similarly, the circumstances in which one may defend himself against excessive force are limited. § 776.041. Fla. Stat. (1974); contrast with Gray v. State, 463 P.2d 897 (Alaska 1970).