DAUKSCH, Chief Judge,
dissenting:
I respectfully dissent.
In my opinion the trial judge erred in refusing to give the requested standard jury instruction regarding impeachment generally, Florida Standard Jury Instruction (Criminal) 2.13(e)-l:
A witness may be discredited or the weight of his testimony weakened or destroyed by proof that:
1.The witness has at another time made statements which are inconsistent with his present testimony;
2. The witness has been convicted of a crime.
3. The general reputation of the witness for truth, veracity, honesty or integrity is bad; or
4. The statement of the witness is inconsistent with the testimony of other witnesses or established facts.
The weight to be given evidence tending to discredit a witness and the weight to be given the testimony of a witness whose reliability has been attacked are matters for you to determine in the light of all the evidence in the case.
The trial judge refused to give that instruction saying it was unnecessary because he was giving Florida Standard Jury Instruction (Criminal) 2.13(e)-3:
When an attempt is made to discredit a witness by showing a bad reputation for truth and veracity, or honesty and integrity) you should consider such evidence along with any evidence of good reputation as to those traits of character.
By its affirmance the majority seems to be saying either the error was harmless or the failure to give the instruction was not error because that instruction which was given covered the evidence in this case. The latter is not correct because there was no evidence regarding the witness’ reputation as contemplated by the given instruction but there was evidence regarding his inconsistent statements, his conviction of a crime (and revocation of probation), and his testimony was inconsistent with another witness (the appellant). All of these emphasized portions are covered in the general instruction which should have been given and are not covered by the reputation instruction which was unnecessarily given. See United States v. Garcia, 530 F.2d 650 (5th Cir. 1976). It was reversible error to fail to give the instruction because the jury should be advised on all the law applicable to the case before it. See Bunn v. State, 363 So.2d 16 (Fla.3d DCA 1978), cert. denied, 368 So.2d 1373 (1979).