424 So.2d 101 (1982)
Mackie Roy ALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. AJ-460.
District Court of Appeal of Florida, First District.
December 16, 1982.
Rehearing Denied January 14, 1983.
Steven L. Bolotin, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Allen appeals his conviction and sentence for attempted first degree murder and attempted robbery with a firearm. He argues that the trial court erred in instructing the jury that it could not acquit the defendant on the ground of self-defense if it found that the defendant was being arrested by a law enforcement officer, and if defendant knew that the man was an officer or he reasonably appeared to be one. Although we agree with appellant that the instruction given is not a correct statement of the law, we find this error harmless on the record sub judice and affirm.
Florida standard jury instruction (criminal) 3.04(d) is the standard jury instruction on self-defense. It states, among other things:
A person is never justified in the use of any force to resist an arrest. Therefore, you cannot acquit the defendant on the ground of self-defense if you find the following facts have been proved:
1. The defendant was being arrested by (victim).
2. The defendant knew (victim) was a law enforcement officer or (victim) reasonably appeared under the circumstances to be a law enforcement officer.
Id. at page 43. This standard jury instruction is not a totally correct statement of Florida law. It is based on section 776.051(1), Florida Statutes (1981).[1] In Invester *102 v. State, 398 So.2d 926 (Fla. 1st DCA 1981), rev. denied, 412 So.2d 470 (Fla. 1982), we held that section 776.051 must be read in pari materia with section 776.012, Florida Statutes, which justifies the use of force in certain circumstances.[2]Ivester states that an individual may defend himself against unlawful or excessive force, even when being arrested. Id. at 930. This holding directly conflicts with the language of the jury instruction sub judice which states that force may never be used. Therefore, the use of this standard jury instruction is error.
In the instant case, however, this error is harmless. The evidence most favorable to the defendant presented at trial was that contained in the defendant's own tape recorded statement. In his statement, the defendant admitted that he was reaching for his gun at the time the officer hit defendant's hand with the flashlight. The record is devoid of any evidence from which a jury could conclude that unlawful or excessive force was being used by the officer. AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and THOMPSON, J., concur.
NOTES
[1] Section 776.051(1), Florida Statutes (1981) states:

A person is not justified in the use of force to resist an arrest by a law enforcement officer who is known, or reasonably appears, to be a law enforcement officer.
[2] Section 776.012, Florida Statutes (1981) states:

A person is justified in the use of force, except deadly force, against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force. However, he is justified in the use of deadly force only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another or to prevent the imminent commission of a forcible felony.