DOWNEY, Judge.
Appellant was charged with: Count I, manslaughter, and Count II, aggravated child abuse. The jury found her guilty of manslaughter and child abuse, a lesser included offense of Count II. Appellant was sentenced to fifteen years on Count I and five years on Count II, to run concurrently.
Appellant contends error was committed in three respects: a) failure to instruct the jury concerning its duty to weigh extra judicial statements made by the defendant, b) failure to give appellant credit for time served, c) imposition of a sentence on Count II when the offense of child abuse is included within the crime for which appellant was convicted and sentenced in Count I.
Appellant requested the court to instruct the jury on the manner in which they should evaluate extra judicial inculpa-tory statements made by a defendant. The written request was identical to Florida Standard Jury Instruction (Criminal) 2.04(e) except that the word “whether” was substituted for the word “that,” so that the instruction read “whether the defendant’s alleged statement” was voluntarily made. The standard instruction reads “that the defendant’s alleged statement” was voluntarily made. The court refused appellant’s written instruction but advised it would give Florida Standard Instruction (Criminal) 2.04(e). However, in charging the jury no such instruction was given. Appellant objected to the court’s failure to give her requested instruction but never specifically called the court’s attention to the failure to give the standard instruction. An instruction should have been given in either form, Bunn v. State, 363 So.2d 16 (Fla. 3d DCA 1978); Taylor v. State, 320 So.2d 428 (Fla. 2d DCA 1975); but appellant failed to properly preserve the oversight by an adequate objection. In any event, even if the error had been preserved, we believe it was harmless.
Appellant’s second point is meritorious. In sentencing appellant, the trial judge failed to give her credit for time served.
With reference to appellant’s third point we believe that the allegations and proof make aggravated child abuse, the crime charged in count two, a “Brown-4” lesser included offense of manslaughter, the crime charged in count one.
The manslaughter count alleged that the defendant caused the death of her son “by beating upon his body and/or inflicting mortal injuries....” The aggravated child abuse count alleged that the defendant maliciously punished and/or willfully tortured her son “by beating upon his body....” One element of proof in this case was a statement from the defendant in which she admitted to striking the child two or three times before he became unconscious. Physical evidence and expert testimony confirmed her admission. Thus, the precise allegations in the information were borne out in the proof at trial.
Brown v. State, 206 So.2d 377 (Fla.1968), is the seminal case on lesser included offenses. It lists three categories of lesser included offenses that are not relevant to this case. Also, it enunciates a fourth category that “comprehends those offenses *735 which may or may not be included in the offense charged, depending upon, (a) the accusatory pleading, and (b) the evidence at the trial.” Id. at 383. Whether an information charges a category 4 lesser included offense is determined in this manner:
[T]he trial judge must examine the information to determine whether it alleges all of the elements of a lesser offense, albeit such lesser offense is not an essential ingredient of the major offense alleged. If the accusation is present, then the judge must determine from the evidence whether it supports the allegation of the lesser included offense. If the allegata and probata are present then there should be a charge on the lesser offense. Ibid.
We have reviewed the allegations and proof that depict the tragedy of this case and hold that the manslaughter count encompasses the substantive allegations of the child abuse count and adds the additional allegation that the child died as a result of the beating. Therefore, as alleged and proved in the case at bar, aggravated child abuse is a Brown category 4 lesser included offense of manslaughter and the defendant may be sentenced only for the crime of manslaughter. See Section 775.021(4), Florida Statutes (1981); Borges v. State, 415 So.2d 1265 (Fla.1982); State v. Hegstrom, 401 So.2d 1343 (Fla.1981).
Accordingly, the sentence of five years on Count II is vacated and the cause is remanded to the trial court with directions to amend the sentence on Count I so as to give appellant credit for time served prior to imposition of sentence. In all other respects the judgment and sentence appealed from is affirmed.
ANSTEAD and HURLEY, JJ., concur.