453 So.2d 798 (1984)
Linda SCOTT, Petitioner,
v.
STATE of Florida, Respondent.
No. 63878.
Supreme Court of Florida.
June 7, 1984.
Rehearing Denied August 31, 1984.
Richard L. Jorandby, Public Defender and Louis G. Carres, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for respondent.
SHAW, Justice.
We have by petition for review Scott v. State, 431 So.2d 733 (Fla. 4th DCA 1983), which is in express and direct conflict with this Court's decision in Bell v. State, 437 So.2d 1057 (Fla. 1983). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
Petitioner was convicted of and sentenced for manslaughter and child abuse. The district court found that the child abuse count was a lesser included offense of the manslaughter count and that petitioner could be sentenced for the manslaughter conviction only, citing Borges v. State, 415 So.2d 1265 (Fla. 1982) and State v. Hegstrom, 401 So.2d 1343 (Fla. 1981). *799 The court did not reverse the child abuse conviction.
Petitioner contends that under this Court's decision in Bell, her conviction for the lesser included offense may not stand. It is true that Bell prevents either a conviction or a sentence for a lesser included crime when a defendant has been convicted of and sentenced for the greater crime. Were child abuse a lesser included offense of manslaughter, Bell would require quashing the portion of the district court's decision upholding petitioner's conviction for child abuse. The district court applied the "category four" analysis of Brown v. State, 206 So.2d 377 (Fla. 1968), to support its holding. The proper test, however, is whether the statutory elements of each offense require proof of a fact that the elements of the other do not under Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); State v. Carpenter, 417 So.2d 986 (Fla. 1982); Borges v. State.[*] If so, the two offenses are separate. The district court erroneously analyzed the allegations and proof rather than the statutory elements.
Applying the Blockburger test, we find that section 782.07, Florida Statutes (1979), the manslaughter statute, requires proof of the killing of a human. Proof of this fact is not required by the child abuse statute, section 827.04, Florida Statutes (1979), which requires proof that a child was abused. To prove manslaughter it is unnecessary to prove that a child was killed. Manslaughter and child abuse are separate offenses.
We therefore quash that portion of the district court's decision finding child abuse a lesser included offense of manslaughter and reversing the sentence for child abuse.
We see no reason to disturb the remainder of the decision.
It is so ordered.
ALDERMAN, C.J., and BOYD, McDONALD and EHRLICH, JJ., concur.
ADKINS and OVERTON, JJ., dissent.
NOTES
[*] The legislature adopted the Blockburger test when it amended section 775.021(4), Florida Statutes, in 1983.