464 So.2d 578 (1984)
Ernie Ray HOLLEY, Appellant,
v.
STATE of Florida, Appellee.
No. AL-196.
District Court of Appeal of Florida, First District.
August 17, 1984.
Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Defendant appeals his judgments and sentences for resisting arrest with violence, grand theft, armed robbery with a firearm, and two counts of aggravated assault with a firearm. Defendant argues that the trial court erred in instructing the jury that an arrestee may never use force to resist an arrest, erred in giving a flight instruction, and erred in imposing consecutive mandatory minimum sentences. We affirm in part and reverse in part.
In accordance with Florida Standard Jury Instruction (Criminal) 3.04(d) (Self-Defense, Justifiable Use of Force), the trial court instructed the jury that "[a] person is never justified in the use of any force to resist an arrest." Id. at page 43. This jury instruction conflicts with Ivester v. State, 398 So.2d 926 (Fla. 1st DCA 1981), review denied, 412 So.2d 470 (Fla. 1982), which states that an individual may defend himself against unlawful or excessive force, even when being arrested and the use of this instruction was error. See Allen v. State, 424 So.2d 101 (Fla. 1st DCA), review denied, 436 So.2d 97 (Fla. 1983). Unlike in Allen, we cannot say this error was harmless. We reverse defendant's judgment and sentence for resisting arrest with violence. Because trial judges should be able to rely on the standard jury instructions as being a correct statement of the law and in order to resolve the conflict between Rule 3.04(d) and Ivester and Allen, *579 we certify the following question to the Florida Supreme Court as one of great public importance pursuant to Rule 9.030(a)(2)(A)(v), Fla.R.App.P.:
IS FLORIDA STANDARD JURY INSTRUCTION (CRIMINAL) 3.04(d), A CORRECT STATEMENT OF THE LAW IN LIGHT OF IVESTER V. STATE, 398 So.2d 926 (Fla. 1st DCA 1981), review denied, 412 So.2d 470 (Fla. 1982) AND ALLEN V. STATE, 424 So.2d 101 (Fla. 1st DCA), review denied, 436 So.2d 97 (Fla. 1983)?
The imposition of consecutive mandatory minimum sentences as to the armed robbery and one of the counts for aggravated assault with a firearm (Count III) was error under Palmer v. State, 438 So.2d 1 (Fla. 1983), which was decided subsequent to the imposition of the sentences herein, because the offenses clearly arose from a single criminal transaction or episode. Accordingly, we amend the three-year mandatory minimum sentence for armed robbery with a firearm (Count V) and the three-year mandatory minimum sentence for aggravated assault with a firearm (Count III) to provide that they be served concurrently, not consecutively.
Defendant's argument on the flight instruction does not warrant discussion and does not require reversal. See Whitfield v. State, 452 So.2d 548 (Fla. 1984).
Defendant's conviction for resisting arrest with violence is reversed. The issue of the correctness of Florida Standard Jury Instruction (Criminal) 3.04(d) is certified to the Florida Supreme Court. The remaining judgments and sentences, as amended, are affirmed.
SHIVERS and ZEHMER, JJ., concur.