480 So.2d 94 (1985)
STATE of Florida, Petitioner,
v.
Ernie Ray HOLLEY, Respondent.
No. 65824.
Supreme Court of Florida.
December 12, 1985.
*95 Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender and Glenna Joyce Reeves, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for respondent.
OVERTON, Justice.
This is a petition to review Holley v. State, 464 So.2d 578 (Fla. 1st DCA 1984), in which the district court held that the trial judge erred in instructing the jury on self-defense because he failed to instruct that a person may defend himself against the use of unlawful or excessive force even when being arrested. After so holding, the district court certified the following question as one of great public importance:
Is Florida Standard Jury Instruction (Criminal) 3.04(d) a correct statement of the law in light of Ivester v. State, 398 So.2d 926 (Fla. 1st DCA 1981), review denied, 412 So.2d 470 (Fla. 1982), and Allen v. State, 424 So.2d 101 (Fla. 1st DCA 1982), review denied, 436 So.2d 97 (Fla. 1983)?
Id. at 579. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We find, as the state concedes, that standard jury instruction 3.04(d), as it existed at the time of this trial, did not properly state the law when self-defense is asserted as an affirmative defense to the charge of resisting arrest with violence. We approve the decision of the district court and note that this Court has subsequently modified Florida Standard Jury Instruction 3.04(d) to state the law correctly.
Holley was charged with and convicted of two counts of aggravated assault with a firearm, resisting arrest with violence, and two counts of armed robbery. All charges arose from Holley's arrest at an agricultural inspection station for carrying cannabis and his subsequent escape. At trial, Holley contended that the agricultural inspector threatened him with a knife in the course of his arrest. During the instruction conference, Holley's trial counsel requested a jury instruction based on the First District Court's decision in Ivester, advising the jury that an arrestee may defend himself against the unlawful or excessive force used by a law enforcement officer. Denying the request, the trial judge instructed the jury generally as to self-defense and concluded with that portion of Florida Standard Jury Instruction 3.04(d), which, as it existed at the time of trial, stated: "A person is never justified in the use of any force to resist an arrest."
In Ivester, the district court construed section 776.051(1), Florida Statutes (Supp. 1974), which provides that a person is not justified in the use of force to resist a known law enforcement officer, in pari materia with section 776.012, Florida Statutes (Supp. 1974), which provides in part: "A person is justified in the use of force ... against another when ... he reasonably believes that such conduct is necessary to defend himself ... against such other's imminent use of unlawful force."[1] The district court concluded:
The effect of reading these statutes in pari materia is to permit an individual to defend himself against unlawful or excessive force, even when being arrested. This view is consistent with the position taken by other jurisdictions that have been confronted with questions relating to statutes similar to sections 776.012, 776.051 and 848.01, Florida Statutes.
398 So.2d at 930 (citations omitted).
We agree with the decisions of the First District Court of Appeal in Ivester, Allen, and the instant case. As the state *96 concedes, while a defendant cannot use force to resist an arrest, he may resist the use of excessive force in making the arrest. Our holding is consistent with our recently modified standard jury instructions set forth in Florida Bar re Standard Jury Instructions (Criminal Cases), 477 So.2d 985 (Fla. 1985).[2]
We also agree with the district court that the error of the jury instruction was not harmless. Unlike Allen, this record contains conflicting evidence relating to alleged threats with a knife by a law enforcement agent. We reject as without merit Holley's claim that this Court should also reverse his conviction for aggravated assault, concluding the erroneous instruction applies only to the resisting arrest charge.
For the reasons expressed, we approve the decision of the district court.
It is so ordered.
ADKINS, McDONALD and EHRLICH, JJ., concur.
BOYD, C.J., concurs in part and dissents in part with an opinion, in which SHAW, J., concurs.
BOYD, Chief Justice., concurring in part and dissenting in part.
I concur in that portion of the majority opinion that holds that the instruction given was error in that it did not fully apprise the jury of the right of a suspect to defend himself against the use of excessive force by a law enforcement officer. Although respondent's version of the facts may seem somewhat improbable, the Court correctly observes that there was enough evidence to raise a jury question on the matter. The defendant is entitled to have the jury determine the facts under legally correct instructions from the court.
I dissent, however, from that portion of the majority opinion that holds that the error affects only the conviction for resisting arrest. All of the charges of which respondent was convicted were tried at the same time by the same jury. The error in instructing the jury renders all of the verdicts unreliable and so all of the convictions should be reversed. The charges for aggravated assault were based on the very same conduct that forms the basis for the charge of resisting arrest. If the instruction on self-defense was error in that it did not fully apprise the jury of the right to defend oneself against excessive force, and if the evidence was susceptible of an interpretation by the jury leading to the conclusion that respondent's conduct was justified because of the use or threat of excessive force by the officer, then such a view by the jury would constitute a defense on the aggravated assault charges as well as the resisting arrest charge.
Further, it should be noted that the convictions for robbery and grand theft were based on the fact that respondent disarmed the agricultural inspector and the deputy sheriff and took their firearms with him when he departed the scene. He also took the keys to the officers' motor vehicles. If the evidence raised a jury question on whether respondent reasonably believed himself to be in danger of being the victim of excessive force  force capable of causing him death or serious bodily harm  at the hands of police officers, and the jury was improperly instructed on the right of self-defense, then I believe the error affects the robbery and theft convictions as well as the other convictions. If a person reasonably believes himself to be in danger of harm from the unlawful and excessive use of force by a police officer, the prudent thing for that person to do is to disarm the officer if possible.
Therefore I would approve the district court decision in part and quash in part and remand for a new trial on all the charges.
SHAW, J., concurs.
NOTES
[1] Section 776.051(1) and section 776.012 have remained unchanged to date.
[2] The standard jury instruction now reads:

A person is not justified in using force to resist an arrest by a law enforcement officer who is known, or reasonably appears to be a law enforcement officer.
However, if an officer uses excessive force to make an arrest, then a person is justified in the use of reasonable force to defend himself (or another), but only to the extent he reasonably believes such force is necessary.