512 So.2d 1071 (1987)
Roger Elwood COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. BP-298.
District Court of Appeal of Florida, First District.
September 10, 1987.
*1072 Michael Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert Butterworth, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
The appellant, convicted of possession of contraband articles in a county detention facility in violation of Section 951.22, Florida Statutes, urges that the lower court erred in refusing to instruct the jury that possession of less than 20 grams of cannabis was a lesser included offense to the offense charged. We agree, reverse and remand.
Richard Ferrick, a Bay County correctional officer testified that he observed the appellant, a trustee at the Bay County Jail, at the gas house where trustees are assigned to pump gas for the sheriff's department, with having in hand what appeared to him to be two hand-rolled cigarettes. When Ferrick called out to the appellant, the latter turned toward a nearby trash can; the can was searched, and found within were two hand-rolled cigarettes containing less than 20 grams of cannabis. At the conclusion of the trial, the defense counsel requested that the jury be instructed that possession of less than 20 grams of cannabis was a lesser offense to that of possession of contraband articles in a county detention facility. The trial court refused the instruction, and the jury returned a verdict finding defendant guilty as charged, resulting in the sentence appealed.
The trial court's refusal to give the requested instruction is reversible error. In State v. Wimberly, 498 So.2d 929 (Fla. 1986), the Florida Supreme Court outlined the distinction between necessarily lesser included offenses and permissive lesser included offenses.[1]Wimberly requires that once the trial judge determines that an offense is a necessarily lesser included offense, a jury instruction on that offense must be given. Permissibly lesser included offenses, on the other hand, are required to be given when the pleadings and the evidence demonstrate that the lesser offense is included in the offense charged. The trial court is given the discretion to "analyze the information or indictment and the proof to determine if elements of category 2 crimes may have been alleged and proved." Id. at 931 (quoting Fla.Std.Jury Instr. in Criminal Cases (Notes) (2d ed. 1981)).
In Wilcott v. State, 509 So.2d 261 (Fla. 1987), the Florida Supreme Court, citing Wimberly, determined that possession of less than 20 grams of cannabis was a permissibly lesser included offense of the charged crime, e.g., unlawfully introducing or possessing contraband upon the grounds of a state correctional facility. The defendant in Wilcott was charged by information with unlawfully introducing or possessing upon the grounds of a correctional center contraband, without specifying the amount, in violation of section 944.47, Florida Statutes (1983). Wilcott v. State, 472 So.2d 1389 (Fla. 1st DCA 1985). Although the information in Wilcott  as here  alleged only possession of a contraband article, and not cannabis in a specific amount, the evidence at trial revealed  as here  that there was less than 20 grams of cannabis seized. The Florida Supreme Court, in reversing the opinion of the district court, reasoned:
Cannabis is contraband under section 893.02(3), Florida Statutes (1983). The information charged introduction or possession in the alternative. The evidence shows, and the state acknowledges, that the amount of cannabis involved was less than twenty grams. Thus, misdemeanor *1073 possession of less than twenty grams of cannabis under section 893.13(1)(f), Florida Statutes (1983), is, based on the pleadings and the evidence, a lesser included offense of the charged offense.
509 So.2d at 262 (e.s.). We can see no distinction between Wilcott and the facts in this case. The appellant was charged with unlawful possession of a contraband article upon the grounds of a county detention facility, to wit: a controlled substance as defined in Section 893.02(3). As in Wilcott, the evidence at trial showed that less than 20 grams of cannabis was seized. Thus, based on the pleadings[2] and the evidence, possession of less than 20 grams of cannabis is a permissibly lesser included offense of the crime charged and the requested jury instruction should have been given.
Since misdemeanor possession of cannabis is the next immediately lesser included offense to that for which appellant was convicted, the failure to instruct the jury as to such lesser offense is reversible error. State v. Wilcott; State v. Bruns, 429 So.2d 307 (Fla. 1983); Lomax v. State, 345 So.2d 719 (Fla. 1977).
REVERSED AND REMANDED for further consistent proceedings.
SMITH, C.J., concurs.
BOOTH, J., specially concurring.
BOOTH, Judge, specially concurring:
I concur in the result of this decision because it is required by the decision of the Supreme Court of Florida in Wilcott v. State, 509 So.2d 261 (Fla. 1987). That case marks a departure from the Supreme Court's long-standing rule in this area that two offenses must have the same statutory elements in order for one to be a lesser-included offense of the other. See, e.g., Scott v. State, 453 So.2d 798 (Fla. 1984); Borges v. State, 415 So.2d 1265 (Fla. 1982); and Ray v. State, 403 So.2d 956 (Fla. 1981). In Scott, supra at 799, the Supreme Court held: "The proper test ... is whether the statutory elements of each offense require proof of a fact that the elements of the other do not... . If so, the two offenses are separate." Under the above rule and prior law, the statutory offense of possession of contraband in a detention facility (Section 951.22, Florida Statutes), requires proof of a statutory element not present in the offense of simple misdemeanor possession (Section 893.13, Florida Statutes), and a charge on the latter offense was properly not given.
NOTES
[1] Necessary and permissive lesser included offenses are also referred to as category one and category two offenses, respectively, and are categorized as such in the Schedule of Lesser Included Offenses. See Fla.Std.Jury Instr. in Criminal Cases (2d ed. 1981).
[2] The informations in both Wilcott and the instant case allege possession of contraband  without alleging an amount in excess of 20 grams. We acknowledge that such allegations, by failing to charge that the amount of contraband exceeded 20 grams, charges the defendant only with misdemeanor possession. See Davis v. State, 371 So.2d 721 (Fla. 1st DCA 1979); Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972), cert. discharged, 283 So.2d 99 (Fla. 1973). Hence the pleading document in the instant case substantiated the requested instruction.