597 So.2d 377 (1992)
Calvin J. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01117.
District Court of Appeal of Florida, Second District.
April 15, 1992.
James Marion Moorman, Public Defender, Bartow, and Tonja R. Vickers, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dell H. Edwards, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Calvin Williams appeals his judgment and sentences for aggravated assault on a law enforcement officer, battery, and obstructing or opposing an officer with violence. We affirm the aggravated assault on a law enforcement officer conviction. However, we reverse the remaining two convictions, finding that the trial court erred in failing to read to the jury a requested jury instruction.
The state charged Williams with aggravated assault on a law enforcement officer, battery on a law enforcement officer, and obstructing or opposing an officer with violence, counts one through three respectively. The jury found Williams guilty of counts one and three as charged and guilty of the lesser included offense of battery as to count two.
The three police officers testified during the trial that they located Williams in an abandoned house where he refused the officers' requests to come outside. The owner of the house next door to the abandoned house testified that the City of Tampa had *378 condemned the house and that she had telephoned the police to remove Williams from the structure.
The officers' version of the facts is that once they entered the house and attempted to escort Williams away, Williams fell to the ground, grabbed a knife from underneath a cushion, and lunged toward one of the officers with the knife. The officers testified they disarmed Williams using batons, handcuffed him, and placed him in custody.
Williams' version of the facts is that once the officers entered the house, they started beating him with their batons, at which time he fell to the floor where the officers continued to beat him. Williams testified that he then pulled his knife and held it for protection, but he never lunged at an officer.
At the conclusion of the evidence, the trial court held a conference during which the attorneys submitted proposed jury instructions. Following closing arguments and before the jury charge, Williams' attorney requested that portions of the Florida Standard Jury Instruction (Criminal) 3.04(d)[1] be added to the jury instructions.
The following exchange occurred at the bench:
THE COURT: Do you want Page 20 or not?
MR. FERNANDEZ: No, sir. I have proposed jury instructions.
THE COURT: It's too late for that. You don't want 20?
MR. FERNANDEZ: Just for the record, I submit to the Court 
THE COURT: It's too late to submit at this point. Have a seat.
MR. FERNANDEZ: Your Honor, can I put this on the record?
THE COURT: Have a seat.
After the trial judge instructed the jury, defense counsel requested that the proposed jury instruction be made part of the record. The court responded as follows:
You can make it part of the record. We had a jury instruction discussion yesterday. You didn't propose it. We came in this morning before the argument and instructions and you did not propose it. In the middle of the instructions you decided you wanted to offer it which is too late. Make it part of the record. We *379 will be in recess until a verdict is reached.
We first observe that Williams' trial attorney has complied with the spirit of Florida Rule of Criminal Procedure 3.390(d).[2] Other than stating "I wish to state an objection," the defense did comply with this rule.
Based upon the evidence presented during the jury trial, Williams was entitled to the jury instruction. Our supreme court has recognized that "a defendant is entitled to have the jury instructed on the rules of law applicable to his theory of defense if there is any evidence to support such instruction." Campbell v. State, 577 So.2d 932, 935 (Fla. 1991) (quoting Smith v. State, 424 So.2d 726, 732 (Fla. 1982), cert. denied, 462 U.S. 1145, 103 S.Ct. 3129, 77 L.Ed.2d 1379 (1983)). See also Lusk v. State, 531 So.2d 1377 (Fla.2d DCA 1988).
Although the better practice would have been for the defense attorney to have requested the instruction at the time of the charge conference, the failure of the trial court to honor the request for the appropriate instruction prior to the time the jury retired constituted reversible error. Cf. Bunn v. State, 363 So.2d 16 (Fla.3d DCA 1978) (defendant entitled to instruction on evaluation of credibility of inculpatory statement introduced by the prosecution even though request for the instruction was after the jury was charged and before the jury retired), cert. denied, 368 So.2d 1373 (Fla. 1979). Even if the request for the jury instruction was made in the middle of the reading of the instructions, as stated by the trial judge, it was not too late to make the request.
Because of the error, Williams argues that he is entitled to a new trial on all charges. We, however, affirm the charge of aggravated assault on the police officer based upon the holding of our supreme court in State v. Holley, 480 So.2d 94 (Fla. 1985) and reverse the remaining two charges. In Holley, the defendant was convicted of two counts of aggravated assault with a firearm, resisting arrest with violence, and two counts of armed robbery. The supreme court approved the district court's decision which held that the trial judge erred in the self-defense instruction because he failed to instruct that a person may defend himself against the use of unlawful or excessive force even when being arrested. However, the supreme court concluded that the erroneous instruction only applied to the resisting arrest conviction, not the aggravated assault conviction.
Although Williams' argument is persuasive[3], this court is bound by the majority opinion in Holley. We are unable to distinguish Holley from the facts of this case. Therefore, we affirm the conviction for aggravated assault on a police officer and reverse the convictions for battery and obstructing or opposing an officer with violence. We remand the case for resentencing, at which time the trial court may resentence on the single conviction and schedule a new trial for Williams on the charge of obstructing or opposing an officer with violence and on the charge of battery[4].
Affirmed in part, reversed in part, and remanded with instructions.
HALL, A.C.J., and THREADGILL, J., concur.
NOTES
[1] The jury instruction which the defense wanted the jury to consider was:

An issue in this case is whether the defendant acted in self defense. It is a defense to the offense with which Calvin Williams is charged if the injury to Officer Mitchell resulted from the justifiable use of force likely to cause death or great bodily harm.
A person is not justified in using force to resist an arrest by a law enforcement officer who is known, or reasonably appears to be a law enforcement officer.
However, if an officer uses excessive force to make an arrest, then a person is justified in the use of reasonable force to defend himself, but only to the extent he reasonable [sic] believes such force is necessary.
Indeciding [sic] whether defendant was justified in the use of force likely to cause death orgreat [sic] bodily harm, you must judge him by the circumstances by which he was surroundedat [sic] the time the force was used. The danger facing the defendant need not have been actual; however, to justify the use of force likely to cause death or great bodily harm, the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed thatthe [sic] danger could be avoided only through the use of that force. Based upon appearances, the defendant must have actually believed that the danger was eal [sic].
The defendant cannot justify the use of force likely to cause death or great bodily harm unless he used every reasonable means with in [sic] his power and consistent with his own safety to avoid the danger before resorting to that force.
The fact that the defendant was wrongfully attacked cannot justify his use of force likely to cause death or great bodily harm if by retreating he could have avoided the need to use that force. However, if the defendant was palced [sic] in a position of imminent danger or [sic] death or great bodily harm and it would have increased his own danger to retreat, then his use of force likely to cause death or great bodily harm was justifiable.
If in your consideration of the issue of self-defense you have a reasonable doubt on the question of whether or not the defendant was justified in the use of force likely to cause death or great bodily harm, you should find him not guilty.
However, if from the evidence you are convince [sic] that the defendant was not justified in the use of force likely to cause death or great bodily harm, you should find him guilty if all the elements of the charged [sic] have been proved.
[2] That rule provides:

(d) No party may assign as error grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the presence of the jury.
[3] Chief Justice Boyd, with Justice Shaw concurring, disagreed with that portion of the majority opinion in Holley which held that the instruction only affects the conviction for resisting arrest. His position was that the charge for aggravated assault was based upon the same conduct which formed the basis for the resisting arrest charge. Holley, 480 So.2d at 96 (Boyd, C.J., concurring in part and dissenting in part).
[4] See Lusk, 531 So.2d at 1380 (retrial of original charge is res judicata when jury acquitted defendant of such charge by returning a verdict of guilty of a lesser included offense).