IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KEVIN BROOME,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4566

Opinion filed July 8, 2015.

An appeal from the Circuit Court for Leon County.
Frank E. Sheffield, Judge.

Nancy A. Daniels, Public Defender, and Pamela D. Presnell, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jessica Judith DaSilva, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

In this appeal from his conviction for felony battery, appellant claims the trial court committed reversible error in denying his request for a jury instruction on the justifiable use of nondeadly force. A defendant is entitled to have the jury instructed on the law applicable to his theory of defense if there is any evidence to

support such a theory, even if the only evidence comes from the defendant's own testimony.  Bozeman v. State, 714 So. 2d 570, 572 (Fla. 1st DCA 1998).  Although appellant did not request the instruction at the charge conference, the request was still timely when it was made after closing arguments and renewed before the jury retired to deliberate.  See Curington v. State, 704 So. 2d 1137, 1140 (Fla. 5th DCA 1998); Ramsaran v. State, 664 So. 2d 1106, 1107 (Fla. 4th DCA 1995); Rogers v. State, 626 So. 2d 339, 340 (Fla. 4th DCA 1993); Williams v. State, 597 So. 2d 377, 379 (Fla. 2d DCA 1992); Bunn v. State, 363 So. 2d 16, 17 (Fla. 3d DCA 1978).  Based on his trial testimony, appellant was entitled to have the jury instructed on the justifiable use of nondeadly force.  See Gregory v. State, 937 So. 2d 180, 182 (Fla. 4th DCA 2006).  Accordingly, we reverse appellant's conviction for felony battery and remand for a new trial.

REVERSED and REMANDED for a new trial.

RAY, SWANSON, MAKAR, JJ., CONCUR.