PER CURIAM.
We do not reach the appellant’s claim that he was improperly and wrongfully denied the use of a peremptory challenge because we find that his acceptance of the jury panel under the circumstances waived his right to claim the point on appeal. Accordingly, we affirm the order under review.
After defense counsel told the trial court that he felt his peremptory challenge was improperly disallowed, the trial judge, in no uncertain terms, gave the defendant the option of going forward with the current panel (including the juror the defendant was not allowed to strike) or striking the panel and beginning a new voir dire the next day with a new venire. The trial court put the proposition squarely to counsel. The defendant chose, however, to go forward with the panel which included the juror about which he now complains.
In a statement addressing analogous circumstances where the court denied the defendant’s claim of error, our Supreme Court noted, “Were we to hold otherwise, [the defendant] could proceed to trial before a jury he unqualifiedly accepted, knowing that in the event of an unfavorable verdict, he would hold a trump card entitling him to a new trial.” Joiner v. State, 618 So.2d 174, 176 n. 2 (Fla.1993). We therefore conclude that the defendant waived the right to challenge the denial of the peremptory strike he now asserts as error.
The appellant’s second claim is that he was improperly limited by the trial court in his cross-examination of police officers who were witnesses for the state as to a prior internal affairs investigation. Defense counsel never demonstrated the relevance of this material to the charges pending against his client. Breedlove v. State, 580 So.2d 605, 608-09 (Fla.1991); Hernandez v. State, 360 So.2d 39, 41 (Fla. 3d DCA1978), cert. denied, 368 So.2d 1367 (Fla.1979). Accordingly, we find that the lower court did not abuse its discretion in limiting defense counsel’s inquiry.
Affirmed.