**UNITED STATES OF AMERICA, Plaintiff–Appellee,**

v.

**Terrance L. PAYNE, Defendant–Appellant.**

No. 95–3596.

United States Court of Appeals, Seventh Circuit.

Argued May 22, 1996.

Decided Dec. 11, 1996.

Melanie C. Conour, Office of the United States Attorney (argued), Indianapolis, IN, for Plaintiff–Appellee.

Steven J. Riggs, Indiana Federal Community Defenders, Inc. (argued), Indianapolis, IN, for Defendant–Appellant.

Before POSNER, Chief Judge, and KANNE and EVANS, Circuit Judges.

KANNE, Circuit Judge.

A jury convicted Terrance L. Payne of cocaine distribution charges. Payne's motions for a new trial and for a judgment of acquittal because of insufficient evidence were denied.

Payne appeals his conviction on the grounds that the district court abused its discretion by denying his motion for a new trial and his motion for judgment of acquittal. Payne alleges the following: 1) that the testimonial evidence supporting his conviction was perjured; 2) that the government failed to disclose important information to Payne as required under *Brady*; 3) that he was precluded from calling a witness who would have effectively impeached the testimony of a key prosecution witness; and 4) that the testimony of the government's key witnesses should have been stricken thus rendering the governments evidence insufficient to prove he was guilty beyond a reason-

able doubt.[1] After considering each of Payne's claims, we affirm the convictions.

## I. History

Terrance Payne's convictions stem from an arrest that occurred when Payne and Demarco Thacker attempted to sell a kilogram of cocaine to Sergeant James T. Jones of the Marion County (Indiana) Police Department. Sergeant Jones used confidential informant James Lee to set up the cocaine sale between Payne, Thacker, and Jones. This sale was to take place in the parking lot of a Steak 'n Shake restaurant in Indianapolis.

At the time of this drug deal, Thacker and Payne both resided in Evansville, Indiana. On January 9, 1995, Thacker and Payne drove a rental car from Evansville to Indianapolis in order to meet with Lee and complete the cocaine sale. While in route to Indianapolis, Thacker telephoned Lee and instructed Lee that he and Payne would be in the city shortly. Lee then called Officer Jones to inform him that Thacker and Payne were on their way. Thacker and Payne drove to Lee's residence, where they picked him up and proceeded to the Steak 'n Shake restaurant to meet with Officer Jones. When they arrived at the Steak 'n Shake parking lot, Payne remained in driver's seat of the rental car while Thacker and Lee joined Officer Jones and another undercover agent in their car. At this time, Jones signaled other law enforcement officers to arrest Thacker and Payne. A subsequent search of the car revealed a kilogram of cocaine secreted inside an Audiovox telephone box that was located in the trunk of the rental car.

In connection with this attempted drug sale, Payne was charged with conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Payne did not testify at his trial. Payne's counsel, however, argued that Payne was not aware that Thacker intended to participate in a cocaine sale while in Indianapolis. Furthermore, Payne's counsel argued that Payne

took no part in the cocaine sale and that he was merely a victim who happened to be in the wrong place at the wrong time.

Prior to Payne's trial, Thacker agreed to testify against Payne pursuant to a limited use immunity agreement and a plea agreement. These agreements required that Thacker divulge all information to the government regarding his past criminal activity in exchange for a downward departure from the sentence to be imposed for his criminal conviction. At trial, Thacker provided testimony that Payne had, in fact, participated in the attempted cocaine sale to the undercover agents.

Confidential informant Lee had been working with Officer Jones pursuant to a plea agreement from a prior cocaine possession charge. Lee's plea agreement required that he set up cocaine buys for Officer Jones in exchange for a downward departure in his sentence calculation.

In addition to setting up the cocaine transaction between Officer Jones, Thacker and Payne, Lee testified as a government witness in Payne's trial. Lee was compensated for his participation in the investigation, as well as for the testimony he provided at Payne's trial. Lee, like Thacker, testified that Payne knowingly participated in the attempted cocaine sale. Furthermore, Lee testified to his previous criminal convictions and to the compensation he received for acting as an informant and witness against Payne.

Payne's case was tried before a jury. At the conclusion of the trial, the jury found Payne guilty of the charges against him. Payne was then sentenced to a prison term of 262 months.

## II. Analysis

### A. Perjury Allegations

 Payne contends that the district court erred in denying his motion for a new trial because the government introduced perjured testimony. "We review the denial of a motion for a new trial based on the prosecu-

---

1. Payne's brief contained an additional issue for consideration, namely, that the district court miscalculated his sentence. At oral argument, however, Payne withdrew this portion of his claim. Consequently, we need not consider any issues regarding Payne's sentencing.

tion's alleged use of perjured testimony under an abuse of discretion standard." *United States v. Adebayo*, 985 F.2d 1333, 1341 (7th Cir.1993) (quoting *United States v. Guadagno*, 970 F.2d 214, 220 (7th Cir.1992)). In *Adebayo*, we determined that:

> A new trial should be ordered, on the basis of the prosecution's use of perjured testimony, if the defendant establishes that 1) the prosecution's case included perjured testimony; 2) the prosecution knew, or should have known, of the perjury; and 3) there is any likelihood that the false testimony could have affected the judgment of the jury.

*Id.* Proof of these three prongs is conjunctive. Accordingly, Payne will be afforded a new trial only if he can satisfy each of these three requirements.

■ Payne asserts that Lee was actively dealing cocaine at the same time that he was working as a confidential informant for the police department. Payne also argues that Lee failed to inform Officer Jones of his ongoing cocaine deals while he worked as a government informant. Because Lee allegedly failed to inform Officer Jones that he continued dealing drugs while acting as an informant, his testimony was perjured and therefore, should be stricken.

Payne's rationale for Thacker's alleged perjury is similar. Under Thacker's plea agreement, he was obligated to divulge all of his prior unlawful acts to the government. During Payne's cross-examination of Thacker, Thacker admitted that he had not disclosed all of his illegal activity to the government, as his plea agreement required. Payne, therefore, asserts that Thacker's testimony should be stricken on perjury grounds due to Thacker's failure to inform the government of his prior criminal activity.

We have described perjury as "the willful assertion under oath of a false, material fact." *United States v. Verser*, 916 F.2d 1268, 1271 (7th Cir.1990). Quite simply, the record indicates that neither Lee nor Thacker were under oath at the time they omitted telling the government of their criminal activities. Moreover, both Lee and Thacker, while testifying under oath, acknowledged that they had not fully apprised the govern-

ment of their criminal activities as required under their plea agreements. At best, Lee's and Thacker's testimony at trial amounted to admissions by each that they had violated their respective plea agreements. Accordingly, Payne has not demonstrated that Lee's and Thacker's violation of their plea agreements constituted perjury at Payne's trial.

■ Payne advances another argument supporting his contention that Lee and Thacker committed perjury. According to Payne, the testimonial inconsistencies between Lee, Thacker, and the government agents serve as evidence that Lee's and Thacker's testimony amounted to perjury. Contrary to Payne's position, however, we have held that mere inconsistencies in testimony fall short of establishing perjury and most certainly do not establish that the government knowingly utilized perjured testimony. *United States v. Adcox*, 19 F.3d 290, 296 (7th Cir.1993). "[N]ot every testimonial inconsistency that goes uncorrected by the government establishes a constitutional violation." *Verser*, 916 F.2d at 1271; *see also United States v. Douglas*, 874 F.2d 1145, 1159 (7th Cir.1989).

Payne is correct in asserting that the testimony of Lee, Thacker and the other government witnesses contained some peculiar inconsistencies. For example, Lee and Thacker disagreed on when they first met each other. Likewise, Lee and Officer Jones differed on the length of time Lee had served as a government informant. Payne, however, has failed to demonstrate that these inconsistencies amounted to perjury. Consequently, we conclude that the district court did not abuse its discretion in refusing Payne's motion for a new trial based on perjured government testimony.

**B. Disclosure of *Brady* Material**

■ Payne's next contention is that the district court erred in denying his motion for a new trial because the government withheld *Brady* material. According to Payne, this undisclosed material would have allowed him to impeach Thacker. The Supreme Court has continually embraced the proposition that the prosecution has an affirmative duty

to disclose all information that would exculpate a defendant. *See Kyles v. Whitley,* —— U.S. ——, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995); *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). This proposition, however, necessarily has temporal limitations. "We have repeatedly held that a party that fails to press an argument before the district court waives the right to present that argument on appeal." *United States v. Gonzalez,* 933 F.2d 417, 448 (7th Cir.1991) (quoting *Garlington v. O'Leary,* 879 F.2d 277, 282 (1989)). Equally well established is the principle that we should not consider a litigant's issue if that litigant did not give a trial court the first opportunity to decide the issue. *Holleman v. Duckworth,* 700 F.2d 391, 394–95 (7th Cir.1983) (citing *Stern v. United States Gypsum, Inc.,* 547 F.2d 1329, 1333 (7th Cir.1977)).

At the sentencing hearing and hearing on motion for a new trial, Payne's counsel asked the district court to make Agent Casey's hand-written notes of Thacker's government debriefing part of the record on appeal. Payne's counsel then withdrew his request stating:

> I would offer, if the Court would not consider the record closed, to try to work this out informally with government counsel, and if not I will file a no longer than two page letter supporting my request with case law. Since the Court feels hesitant to make a ruling at this time. I will try to work out an arrangement. If I can't it would still be my request that the matter be preserved and presented under seal to the court. But I would offer to defer judgment at this time to informal discussions between the parties.

(Tr. of Sentencing Hr'g at 53).

Payne, however, did not work out any informal agreement with the government, nor did he file the two-page memorandum of law which he alluded to at the sentencing hearing. Subsequently, the district court entered its judgment on October 20, 1995. Payne then filed his notice of appeal on October 30, 1995. On January 30, 1996 the government submitted Agent Casey's debriefing notes to the district court for an *in-camera* determination of whether the notes contained any exculpatory material. On February 14, 1996 Payne made a motion to supplement the record on appeal with Agent Casey's debriefing notes.

As the record indicates, Payne did not give the district court the opportunity to review agent Casey's debriefing notes prior to his appeal to this court. Payne's inability to come to an agreement with the government and his failure to file a brief supporting his *Brady* request amounted to a failure to present this issue to the district court. Additionally, Payne's mere request to Judge Hamilton at the hearing that this issue be "preserved" is insufficient. Accordingly, Payne has waived his *Brady* argument with respect to Agent Casey's debriefing notes.

▮▮▮ Even if Payne had properly preserved his *Brady* claim for appeal, it is still without merit. Recently, in *United States v. Silva,* 71 F.3d 667 (7th Cir.1995), we reiterated that "[i]n order to mount a successful *Brady* challenge, a defendant must establish the following: (1) that the prosecution suppressed evidence; (2) that the evidence was favorable to the defense; and (3) that the evidence was material to an issue at trial." *Id.* at 670; *accord United States v. White,* 970 F.2d 328, 337 (7th Cir.1992); *United States v. Hartmann,* 958 F.2d 774, 790 (7th Cir.1992). Evidence is considered material only if there is a reasonable probability that the disclosure of that evidence to the defense would have changed the result of the trial. *Kyles,* —— U.S. at ——, 115 S.Ct. at 1566; *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 3383–84, 87 L.Ed.2d 481 (1985); *United States v. Boyd,* 55 F.3d 239, 245 (7th Cir.1995). There is a reasonable probability of a changed result where the government's suppression of evidence "undermines confidence in the outcome of the trial." *Kyles,* —— U.S. at ——, 115 S.Ct. at 1566 (quoting *Bagley,* 473 U.S. at 678, 105 S.Ct. at 3381–82).

Payne claims that Agent Casey's debriefing notes could be used to impeach Thacker's testimony. According to Payne, Agent Casey's debriefing notes will confirm that Thacker stored a car (used in a drive-by

shooting) at his girlfriend's residence—a fact that Thacker had denied on cross examination. Unfortunately for Payne, whether Thacker stored a vehicle at the residence of his girlfriend is neither relevant nor material to the issues at Payne's trial. Because the purported impeaching facts are neither relevant nor material, Agent Casey's notes on the subject do not fall within the *Brady* doctrine.

Other than Thacker's alleged storage of the vehicle at his girlfriend's residence, Payne has not made any attempt to demonstrate how the alleged suppression of Agent Casey's debriefing notes have undermined confidence in the outcome of the trial. Nor has Payne made any attempt to illustrate that a reasonable probability exists that the disclosure of Agent Casey's debriefing notes would have changed the result of the trial. Thus, Payne has failed to fulfill any of the doctrinal requirements necessary to mount a successful *Brady* challenge. Consequently, Payne's *Brady* argument must fail.

### C. Preclusion From Calling An Impeaching Witness

 Payne contends that the district court erred in not granting his motion for a mistrial following Leia Darden's failure to appear and testify as a witness on Payne's behalf. "Our standard of review in determining whether the district court committed reversible error in either the admission or exclusion of evidence is abuse of discretion." *United States v. Kozinski,* 16 F.3d 795, 806 (7th Cir.1994) (quoting *Taylor v. National R.R. Passenger Corp.,* 920 F.2d 1372, 1375 (7th Cir.1990)).

During Payne's cross-examination of Thacker, Thacker stated that neither his family nor his girlfriend, Darden, had any knowledge that he was a drug dealer. Payne sought to impeach Thacker by calling Darden to testify that she was, in fact, aware that Thacker was a drug dealer. Although Payne made several attempts to procure Darden as a witness, he was unable to do so.[2]

On appeal, Payne contends that Darden's testimony was crucial to his case because her proffered testimony would have contradicted Thacker's testimony. Specifically, Payne suggests that Darden's testimony would have been relevant to prove that Darden was well aware that Thacker was a drug dealer. According to Payne, this information would prove that Thacker lied under oath and therefore, would impeach Thacker's credibility as a witness for the prosecution.

 Payne is correct in suggesting that the use of contradictory testimony is a valid method of impeachment. *See Kozinski,* 16 F.3d at 805. The rules regarding impeachment by contradiction, however, maintain important limitations. The collateral issue rule is one such limitation. The collateral issue rule provides that "one may not impeach by contradiction regarding 'collateral or irrelevant matters'." *Id.* (quoting *Simmons, Inc. v. Pinkerton's, Inc.,* 762 F.2d 591, 604 (7th Cir.1985)).

 Our next inquiry therefore, is whether the proffered testimony of Darden relates to a collateral or irrelevant matter in Payne's trial. A matter is collateral if it "could not have been introduced into evidence for any purpose other than contradiction." *Id.* at 806 (quoting *United States v. Jarrett,* 705 F.2d 198, 207 (7th Cir.1983)). To put it another way, "one may not contradict for the sake of contradiction; the evidence must have an independent purpose and an independent ground for admission." *Id.*

Payne's contention that Darden's testimony was critical to his defense is based solely on the premise that Darden would have been able to contradict Thacker's testimony. To illustrate, Payne claims that only through Darden's testimony could Payne show that Thacker had lied in his in court statements. But even if Darden's testimony could have shed some light on Thacker's assertions, we

---

2. The record reflects that Payne served Darden, on at least two separate occasions, with a subpoena to appear and testify before the court. Darden failed to appear each time. Darden did show up in the courtroom, however, just prior to the submission of the case to the jury. At that time, Payne spoke with her briefly, but did not petition the court to re-open the evidence so that he could introduce Darden's testimony to the jury.

cannot see how the answer to his assertions are related to the issues concerning the guilt or innocence of Payne—the central issue in Payne's criminal trial. The testimonial responses that Payne had intended to elicit from Darden were solely for the purpose of impeaching Thacker on a matter that is collateral to the main issues presented in this case. Payne has not demonstrated any independent grounds demonstrating how Darden's proffered testimony would be relevant. Therefore, we believe that Darden's testimony would only be offered for the sake of contradicting Thacker's testimony. Darden's proffered testimony is, thus, collateral and inadmissible. Accordingly, we cannot say that the district court abused its discretion in failing to grant Payne's motion for a mistrial.

**D. Motion For Judgment of Acquittal**

■ Payne also appeals the district court's denial of his motion for a judgment of acquittal, pursuant to Fed.R.Crim.P. 29. In *United States v. Huels*, 31 F.3d 476 (7th Cir.1994), this court set forth the test for a review of the denial of a motion for a judgment of acquittal based on insufficiency of the evidence. In *Huels*, we stated:

> [T]he test that the court must use is whether at the time of the motion there was relevant evidence from which the jury could reasonably find [the defendant] guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the government ... bear[ing] in mind that "it is the exclusive function of the jury to determine the credibility of the witnesses, resolve evidentiary conflicts, and draw reasonable inferences."

*Id.* at 478 (quoting *United States v. Reed*, 875 F.2d 107, 111 (7th Cir.1989)) (quoting *United States v. Marquardt*, 786 F.2d 771, 780 (7th Cir.1986)).

Payne's argument is that the evidence against him was insufficient to support his conviction because the testimony of both Thacker and confidential informant Lee was perjured and therefore, the district court abused its discretion in not granting the motions for judgment of acquittal.

This argument has little to recommend it. We have already determined that there was no perjured testimony in Payne's trial. Moreover, Payne's argument fails to take into account that Thacker's and Lee's testimony was not the only evidence the jury could have used to find Payne guilty beyond a reasonable doubt. The government introduced additional exhibits and testimony which the jury had for their consideration in deciding Payne's guilt or innocence. For example, the government submitted into evidence: digital pagers purchased and used by Payne and Thacker; the testimony of a phone salesman—who testified to personally selling Payne an Audiovox cellular telephone; telephone service records for an Audiovox cellular telephone in the name of Payne's uncle; photographic evidence developed from Payne's camera portraying Payne with the Audiovox cellular telephone beside him; a police photograph depicting an Audiovox cellular telephone box located in the trunk of the rental car Payne was driving at the time of the arrest; and a police photograph depicting a kilogram of cocaine inside the Audiovox cellular telephone box.

The evidence presented in Payne's trial was undoubtedly sufficient for a reasonable jury to determine that Payne was guilty beyond a reasonable doubt. Payne's argument, therefore, must fail.

**Conclusion**

For the foregoing reasons, the convictions of Terrance L. Payne are AFFIRMED.