116 F.3d 1483
 79 A.F.T.R.2d 97-3000, 97-1 USTC P 50,477
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jean C. SQUIRE, Petitioner-Appellant,
v.
United States of America, Respondent-Appellee.
 No. 96-3005.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 22, 1997*
Decided May 22, 1997.
 
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division, Misc. No. 96-47; David F. Hamilton, Judge.
 Before R.A. Posner, C.C.J., Cummings and Bauer, Circuit Judges.
 
 ORDER
 
 1
 Jean Squire appeals the district court's grant of the government's motion to deny his motion to quash IRS summonses served on third-parties who possessed his tax records. The district court found that the summonses had been issued for a legitimate purpose--the investigation of Squire's income tax liabilities. Squire argues that the IRS's summonses were issued for an improper purpose--to gather information for use in a criminal prosecution and to intimidate him into cooperation. We affirm.
 
 
 2
 On April 24, 1996, Susan Bradby, Special Agent in the IRS's Criminal Investigation Division, informed Squire that he was under investigation, and that the district court should have held an evidentiary hearing to determine whether the summonses were in fact employed for a legitimate purpose. Squire made no allegations of harassment and intimidation by Agent Bradby and others before the district court and, therefore, we will not consider them now. See United States v. Payne, 102 F.3d 289, 293 (1996). Moreover, an evidentiary hearing is not warranted unless the taxpayer alleges "specific facts," supported by affidavits, which permit an inference that some wrongful conduct by the government exists. Kis, 658 F.2d at 539. Mere allegations or Squire's "sincere belief[s]," App. Br. at 10, are insufficient. See Kis, 658 F.2d at 539.
 
 
 3
 In addition, Squire contends that, because he was under a criminal investigation when the summonses were issued, the court should have investigated whether Agent Bradby had already formed a "firm purpose" to recommend criminal prosecution to the Justice Department. Again, the Internal Revenue Code contemplates, and provides for, summons authority to investigate civil and criminal offenses concurrently so long as a Justice Department referral is not in effect. See 26 U.S.C. § 7602(a)(b)(c). The IRS has made no such referral. Squire's suspicions have not called into question any element of the government's prima facie case. Moreover, he has failed to attest to specific facts establishing that the summonses had "no civil purpose, whatsoever." Michaud, 907 F.2d at 754.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)