116 F.3d 1483
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey RIXLEBEN, Defendant-Appellant.
 No. 96-1804.
 United States Court of Appeals,
Seventh Circuit.
 Submitted June 5, 1997.*
Decided June 5, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 96 M 17; James H. Alesia, Judge.
 Before CUMMINGS, BAUER, WOOD, Circuit Judges.
 
 ORDER
 
 1
 Represented by counsel, Jeffrey Rixleben consented to a bench trial before a magistrate judge in this proceeding initiated by a citation under 41 C.F.R. § 101-20.305 for disorderly conduct on federal property.[1] See 40 U.S.C. § 318a; Fed.R.Crim.P. 58(b)(3)(A). The magistrate judge found Rixleben guilty and fined him $50.00. Rixleben appealed to a district judge, who affirmed his conviction. See 18 U.S.C. § 3402; Fed.R.Crim.P. 58(g)(2). Rixleben appeals pro se the district court's judgment pursuant to 28 U.S.C. § 1291 and we affirm.[2]
 
 
 2
 At Rixleben's trial, the government introduced various witnesses who testified that Rixleben became upset with a postal clerk after she asked him to move to another window so that she could provide him with the twenty certified mail forms he had requested. According to these witnesses, Rixleben responded by raising his voice, yelling at the postal employees, and slapping the hand of a security officer. Rixleben, however, testified that he waited patiently to be serviced and was polite to the postal clerk. He stated that the postal clerk was hostile, nonresponsive to his request, and refused to give him the certified mail forms. He testified that he reflexively came down on the security officer's hand, but did not grab it. Based on the testimony of the government witnesses--specifically a security officer and a federal protection officer--the magistrate judge found that Rixleben had created a disturbance and was guilty of disorderly conduct.
 
 
 3
 Rule 58 of the Federal Rules of Criminal Procedure addresses the scope of appeal from a magistrate's judgment regarding petty offenses and misdemeanors:
 
 
 4
 The defendant shall not be entitled to a trial de novo by a judge of the district court. The scope of the appeal shall be the same as an appeal from a judgment of a district court to a court of appeals.
 
 
 5
 Fed.R.Crim.P. 58(g)(2)(D). On appeal, we also review the record before the magistrate judge. See e.g., United States v. Van Fossan, 899 F.2d 636, 637-38 (7th Cir.1990).
 
 
 6
 Rixleben first argues that his conviction was not supported by sufficient credible evidence. He contends that the witnesses were biased and that the government failed to prove that his conduct prevented another person from receiving postal services. In reviewing the sufficiency of the evidence underlying a conviction, we consider the evidence in a light most favorable to the government and will reverse only if there is no evidence from which a rational trier of fact could find guilt beyond a reasonable doubt. United States v. Reynolds, 64 F.3d 292, 297 (7th Cir.1995) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). This court will not reweigh the evidence or judge the witnesses' credibility. Id. at 297.
 
 
 7
 Rixleben's sufficiency of the evidence argument fails. Both the security officer and the federal protection officer testified that Rixleben's conduct created a loud disturbance, which disrupted the postal clerk's performance of her official duties. Furthermore, it is undisputed that the disruption occurred on government property, namely, the Clark Street post office in downtown Chicago. See 41 C.F.R. § 101-20.315. Contrary to Rixleben's suggestion on appeal, the government was not required to show that his conduct prevented another person from receiving governmental services. See 41 C.F.R. § 101-20.305. Rixleben thus fails to meet his heavy burden of challenging the sufficiency of the evidence underlying his conviction.
 
 
 8
 Rixleben's second argument is that the magistrate judge committed reversible error by not informing him at his initial appearance of various rights to which he was entitled pursuant to Federal Rule of Criminal Procedure 58(b)(2). Although the magistrate judge did not inform Rixleben of these rights, Rixleben failed to make a timely, specific objection to the magistrate judge's omissions and, thus, forfeited this argument. Thus, we review for plain error, which can be invoked only in instances of "forfeited-but-reversible error." United States v. Lakich, 23 F.3d 1203, 1207 (7th Cir.1994) (citing United States v. Olano, 507 U.S. 725 (1993)). We will correct for plain error only under circumstances in which a miscarriage of justice affecting the outcome of the district court proceedings results. United States v. Laurenzana, No. 96-3077, slip op. at 11-12 (7th Cir. May 5, 1997).
 
 
 9
 Rixleben asserts that the magistrate judge failed to advise him of his right to a trial before a district judge or of the charge against him. However, as evidenced by his consent to proceed before a magistrate judge, which both Rixleben and his lawyer signed, Rixleben expressly acknowledged and waived his right to trial before a United States district judge. The signed consent form also indicates that Rixleben understood the nature of the offense with which he was charged and the possible penalties. Further, the record indicates that the government informed Rixleben of the charge against him at the time of his arrest, that the magistrate judge informed Rixleben that he was charged with creating a disturbance, and that the government explained the maximum possible penalties.
 
 
 10
 Rixleben argues that the magistrate judge also failed to advise him of his right to appeal his conviction and sentence. Rixleben, however, perfected his appeal to both the district court and this court without error. Rixleben's assertion that he was not informed of his right to remain silent did not affect the outcome of his case, as there is no indication that his trial testimony was weighed against him. The magistrate judge's findings and conclusions at the bench trial indicate that the court relied on the government witnesses' testimony as credible, not that Rixleben's testimony was incredible. Rixleben also asserts that the magistrate judge failed to inform him of his right to counsel. However, Rixleben had counsel at his bench trial.
 
 
 11
 Under the circumstances, we would be hard-pressed to conclude that there was a miscarriage of justice affecting the outcome of this case, as Rixleben was either informed of his rights through the consent form, the government, or the court. Hence, no prejudice resulted, and we do not find reversible error.
 
 
 12
 Last, Rixleben argues that his conviction should be reversed because his conduct is protected speech under the First Amendment. The First Circuit has addressed whether prosecution under 41 C.F.R. § 101-20.305 violates a defendant's First Amendment rights. See United States v. Bader, 698 F.2d 553 (1st Cir.1983). The Bader court reasoned that the government can restrict the right to use a public place through reasonable time, place, and manner regulations furthering significant government interests. Id. at 555; see also Muller v. Jefferson Lighthouse Sch., 98 F.3d 1530, 1543 (7th Cir.1996). The First Circuit determined that the need to safeguard the functioning of public facilities is a substantial government interest, sufficient to authorize reasonable restrictions on speech. Bader, 698 F.2d at 555. The court then concluded that 41 C.F.R. § 101-20.305 is aimed not at speech, but rather ordinary conduct appropriately subject to regulation. Id. at 556.
 
 
 13
 Rixleben's actions are appropriately subject to 41 C.F.R. § 101-20.305, as he is not free to express his frustration with a postal worker by yelling at her and other postal employees and slapping a security officer. Therefore, we conclude that Rixleben's conduct is not protected speech under the First Amendment.[3]
 
 
 14
 For the foregoing reasons, the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Section 101-20.305 reads in pertinent part:
 Any loitering, disorderly conduct, or other conduct on property which creates loud or unusual noise or a nuisance ... which otherwise impedes or disrupts the performance of official duties by Government employees ... is prohibited.
 
 
 [2]
 Rixleben filed a motion to supplement the record with a July 18, 1995, incident report based on its allegedly exculpatory nature. Because this report was not an original paper or exhibit filed in the district court, it may not be made part of the appellate record. See United States v. Burke, 781 F.2d 1234, 1246 (7th Cir.1985); Fed. R.App. P. 10(a). Therefore, his motion to supplement the record is denied
 
 
 [3]
 Rixleben also contends that the magistrate judge did not allow for a full and complete trial of all the evidence and that there was a variance between the charge against him and the proof at trial. Because Rixleben failed to make these arguments below, they are waived. United States v. Payne, 102 F.3d 289, 293 (7th Cir.1996)