UNITED STATES of America, Plaintiff–Appellee,

v.

Tyrone A. THOMPSON, Defendant–Appellant.

No. 96–3344.

United States Court of Appeals, Seventh Circuit.

Argued May 16, 1997.

Decided June 27, 1997.

Susan H. Dowd (argued), Office of the United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

Steven J. Riggs (argued), Indiana Federal Community Defenders, Inc., Indianapolis, IN, for Defendant–Appellant.

Before CUMMINGS, FLAUM, and RIPPLE, Circuit Judges.

FLAUM, Circuit Judge.

After a first trial ended in a hung jury, a second jury convicted Tyrone Thompson of possessing a firearm in violation of 18 U.S.C. § 922(g), the "felon-in-possession" statute. Thompson concedes that he is a felon four times over. Indeed, he stipulated to this fact at trial and testified on cross examination that he had been convicted on Indiana charges of robbery in 1984, auto theft in 1987, and, in 1991, escape and theft. Similarly undisputed was the fact that Thompson possessed the firearm in question, a semiautomatic assault-style rifle with a red dot laser sight; Thompson's defense was that he possessed the rifle only briefly for purposes of self-defense, a claim obviously rejected by the second jury.

Thompson appeals his conviction on three grounds. He argues that he did not have a "conviction" within the meaning of 18 U.S.C. § 921(a)(20), the statutory definition that applies to section 922(g), that he is entitled to a new trial based on the government's use of perjured testimony, and that he was denied a fair trial when his counsel was prohibited from defining reasonable doubt for the jury. We affirm.

## I.

Section 922(g)(1) of Title 18 groups among those individuals who may not lawfully possess a firearm "any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." As noted above, section 921(a)(20) of the same title establishes the method for determining whether an individual has a "conviction" for purposes of section 922(g):

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20). Thompson contends that a prior Indiana felony does not constitute a "conviction" under 18 U.S.C. sec. 921(a)(20) and 922(g)(1). Under Indiana law, he reasons, a convicted felon enjoys a "fairly substantial" restoration of civil rights upon completion of his sentence. Asserting that state law did not prohibit him from possessing the rifle in question, Thompson maintains that if his "possession of the rifle was not unlawful in the State of Indiana, it could not have been illegal for purposes of federal prosecution."

This argument would appear foreclosed by this court's very clear precedent. In *United States v. McKinley,* we explained that "absent a pardon or expunction, a state must enact a general statute substantially restoring a convicted felon's civil rights in order to exempt him from prosecution under § 922(g)." 23 F.3d 181, 183 (7th Cir.1994). After observing, among other things, that "Indiana ... prohibits a convicted felon from holding an elective office," we reached the following conclusion: "Indiana clearly does not substantially restore a convicted felon's civil rights; thus, McKinley is a convicted felon in Indiana's eyes and is eligible for prosecution pursuant to 18 U.S.C. § 922(g)." *Id.* at 184. In *United States v. Lee,* faced with a similar challenge to a conviction under section 922(g), we expressed our appreciation for the appellant's "gumption," but "decline[d] his offer to revisit *McKinley.*" 72 F.3d 55, 57 (7th Cir.1995). We also made clear that although state law determines whether there is a predicate state-law conviction, once the conviction is established, federal law dictates that the convicted felon may not possess any firearm. *Id.* (discussing *United States v. Driscoll,* 970 F.2d 1472, 1480 (6th Cir.1992)). Whatever the level of daring that exceeds gumption, Thompson has attained it. *McKinley* and *Lee* doom his argument.

Nevertheless, Thompson maintains that we should overrule those precedents in light of the Supreme Court's holding in *Beecham v. United States,* 511 U.S. 368, 114 S.Ct. 1669, 128 L.Ed.2d 383 (1994). He points out that *Lee* did not cite *Beecham,* even though the

latter decision preceded the former. Despite Thompson's efforts to suggest otherwise, there is a very good reason why *Lee* did not cite *Beecham*, and, although it should be obvious, we state it here that there be no future confusion on this score: *Beecham* does nothing to undermine our reasoning in *Lee* and *McKinley*. *Beecham* simply held that the law of the jurisdiction of conviction applies for purposes of the exemption clause of section 921(a)(20), under which "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction." *See* 511 U.S. at 369–74, 114 S.Ct. at 1670–72. Thus, in *Beecham*, because the petitioners had been convicted of federal crimes, they could "take advantage of § 921(a)(20) only if they ha[d] had their civil rights restored under federal law." 511 U.S. at 374, 114 S.Ct. at 1672. McKinley and Lee (and Thompson, for that matter) were convicted of offenses under Indiana law. Hence, we looked to Indiana law to determine whether they had "had civil rights restored" within the meaning of section 921(a)(20). We concluded that they had not. No inconsistency with *Beecham* there, and no reason to upset our prior holdings.

## II.

■ Thompson's two remaining contentions can be dealt with in short order. We address first his argument that the government violated his right to due process by presenting false testimony, and that the district court therefore should have granted Thompson's motion for a new trial. Where such a claim is made, we review the district court's refusal to grant a new trial for abuse of discretion, *United States v. Payne*, 102 F.3d 289, 291–92 (7th Cir.1996), and we can find no abuse here. To gain a new trial as a result of the government's use of perjured testimony, a defendant must establish (1) that the prosecution indeed presented perjured testimony, (2) that the prosecution knew or should have known of the perjury, and (3) that there is some likelihood that the false testimony impacted the jury's verdict. Id. at 292 (citing *United States v. Adebayo*, 985 F.2d 1333, 1341 (7th Cir.1993)).

■ Thompson comes nowhere close to satisfying this standard. The allegedly false statements to which he directs us were uttered by two government witnesses, Stacia Elliott and Wade Havvard. Thompson takes issue with Elliott's claim that she did not smoke crack cocaine after a certain date and with Havvard's assertion that he was not a crack dealer. Yet Thompson explains neither how he knows this testimony to be false, nor how the prosecution should have known it to be so. The most damning inconsistency we can identify is Elliott's testimony that, though she had not bought drugs from Havvard, he was reputed in the community to be a crack dealer. Although this statement casts doubt on Havvard's claim that he did not sell crack, it certainly does not entitle Thompson to a new trial. "[M]ere inconsistencies in testimony fall short of establishing perjury and most certainly do not establish that the government knowingly utilized perjured testimony." *Payne*, 102 F.3d at 292. If anything, Elliott's statement put the jury on notice that it should take Havvard's testimony with a grain of salt.

■ Finally, we reject Thompson's claim that the district court abused its discretion by preventing his counsel from explaining reasonable doubt to the jury. The law is clear in this circuit that it is improper for attorneys to attempt to define the term. *See United States v. Alex Janows & Co.*, 2 F.3d 716, 722–23 (7th Cir.1993) ("It seems simple enough; we admonish counsel, do not define 'reasonable doubt' to a jury."). Rather than abusing its discretion, the district court heeded our express command, and we AFFIRM Thompson's conviction.