827 So.2d 1098 (2002)
Shalonda GRIFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-2926.
District Court of Appeal of Florida, First District.
October 16, 2002.
Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Office of the Public Defender, Tallahassee, for Appellant.
*1099 Robert A. Butterworth, Attorney General; Kenneth D. Pratt, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant was tried as a principal on battery charges along with three other co-defendants. After a mistrial was declared as to the co-defendants, Appellant sought to admit into evidence proffered testimony of two rebuttal witnesses to impeach the victim's credibility pursuant to section 90.608(5), Florida Statutes (2001). Specifically, Appellant sought to impeach the victim's testimony given during crossexamination prior to the mistrial, wherein she denied threatening one of the co-defendants at a liquor store. Appellant offered the testimony only to impeach the victim's credibility, and stated that it was not being offered in support of her self-defense claim. Accordingly, Smith v. State, 606 So.2d 641 (Fla. 1st DCA 1992)(reversing trial court's exclusion of proffered testimony relating to specific instances of violence by the victim) is not applicable.
Because Appellant did not offer the testimony in support of her self-defense claim, we find that the trial court did not abuse its discretion in refusing to allow the impeachment testimony as a collateral issue. Section 90.608(5) provides that any party may attack the credibility of a witness by contradictory testimony given by another witness as long as the facts testified to are not collateral to the issue. Patterson v. State, 157 Fla. 304, 25 So.2d 713, 717 (1946); Faucher v. R.C.F. Developers, 569 So.2d 794, 804 (Fla. 1st DCA 1990), receded from on other grounds, 625 So.2d 868 (Fla. 1st DCA 1993)(en banc).
An issue is collateral for purposes of impeachment by contradiction, if it cannot be introduced for any reason other than contradiction. Lawson v. State, 651 So.2d 713, 715 (Fla. 2d DCA 1995). "Evidence is collateral and therefore inadmissible when it neither (1) is relevant to prove an independent fact or issue nor (2) would discredit a witness by establishing bias, corruption, or lack of competency on the part of the witness." Strasser v. Yalamanchi, 783 So.2d 1087, 1095 (Fla. 4th DCA 2001).
First, as a result of the mistrial, the central issue of the case concerned solely the Appellant's actions. Therefore, any facts surrounding the liquor store incident between the victim and the co-defendant had no relevance to the central issue concerning the guilt or innocence of the Appellant on battery charges, even though Appellant was charged as a principal, because the proffered testimony was only offered to the sole purpose of contradicting the victim's testimony. See United States v. Payne, 102 F.3d 289, 294-295 (7th Cir. 1996)(court held that the proffered testimony of accomplice's girlfriend was collateral where it was not related to the central issue concerning defendant's guilt or innocence on drug charges and was only offered for the sake of contradicting the accomplice's testimony).
Second, the proffered testimony was not offered to discredit the witness by establishing bias, corruption, or lack of competency.
Accordingly, the trial court did not abuse its discretion in refusing to allow the proffered testimony for purposes of impeachment.
AFFIRMED.
BOOTH and POLSTON, JJ., concur; BROWNING, J., dissents with separate opinion.
BROWNING, J., dissents.
I respectfully dissent. I do so because the trial court reversibly erred by excluding the proffered testimony about the victim's *1100 relevant aggressive conduct on the basis it related to a collateral issue. Further, even assuming arguendo that such testimony was inadmissible, Appellant should have been allowed to impeach the victim's testimony, as impeachment testimony had been promised to the jury during opening statements and was admitted, without objection, during the victim's cross-examination.
An expansion of the facts is necessary for me to communicate why I conclude the trial court reversibly erred. This case had its genesis in that age-old irritant of two individuals, Angela Griffin, sister of Appellant, and co-defendant previous to the midtrial mistrial; and Shanthlylera Thrash ("victim") having the same love interest. The victim became agitated over Angela Griffin's rivalry and accosted her at her work place. What happened then depends upon whether Angela Griffin and two witnesses, or the victim, is believed. One witness testified by proffer that the victim engaged in an acrimonious argument with Angela Griffin and menacingly displayed a baseball bat. The victim admitted she went to Angela Griffin's place of employment, but denied arguing or possessing or displaying a baseball bat at the time, and generally testified she was an angel in deportment. This state of affairs culminated in a fight between the victim, and Angela Griffin, and members of her immediate family, Appellant, Lula Griffin, and Katrina Lewis near a mailbox in the housing complex where the victim and Angela Griffin reside. The testimony of the witnesses and participants is irreconcilable. Each side says the other started the fight, and there is testimony that Appellant used a beer bottle on the victim, and Angela Griffin a knife to inflict cuts on the victim. Appellant vehemently disputed the victim's testimony. The only witness who saw the entire altercation testified the victim started the fight by striking Angela Griffin in the face with a curling iron, that the ensuing fight and clamor brought the family of Angela Griffin to her aid at different intervals, and that no beer bottle or knife was used on the victim, but the victim was cut when a discarded beer bottle was rolled over and broken during the affray. No knife was ever found, only a broken beer bottle and a plastic shotgun used by the six-year-old son of Katrina Lewis to hit the victim in his attempt to do his part in aiding his relatives. The victim, of course, and other witnesses, who heard but did not see the affray, dispute this scenario in part. Suffice it to say the rendition of these facts in court can be described best as a "swearing contest" tailor-made for a jury determination.
The altercation resulted in charges of aggravated battery against Appellant and all her family members who participated in the fight other than the six-year-old. They were tried together on the foregoing facts. During opening statements and cross-examination of the victim, the disagreement between the victim's testimony and that of Angela Griffin and third-party witnesses concerning the liquor-store incident was presented. The stage was set for the victim's impeachment by impartial third-party testimony. However, before the impeachment could occur, a witness called by the state gave testimony that necessitated a mistrial as to all Appellant's co-defendants, but not Appellant.[1] The trial continued, and when Appellant sought to impeach the victim's testimony by calling *1101 the witnesses who observed the victim's liquor-store conduct, the state objected that the testimony was collateral, as it related to an apprehension defense, which applied only to Angela Griffin and not Appellant, who was not present at the time the victim threatened Angela Griffin. The trial court sustained the state's objection on the basis that Appellant's guilt or innocence was the sole issue, the liquor-store incident was a collateral issue, and impeachment is improper. Appellant preserved her objection, and the jury convicted her of aggravated battery.
In my judgment, the trial court and the majority incorrectly determined that impeachment of the victim's testimony about the liquor-store incident was collateral and inadmissible. I agree that contradiction is not permitted solely for contradiction and that the evidence of impeachment must be relevant. United States of America v. Payne, 102 F.3d 289 (7th Cir.1996). The impeachment offered here was intended to contradict the victim's testimony about the victim's behavior at the liquor store by showing her untruthfulness about a prior specific act of violence. Because such evidence would have been admissible as independent evidence had Appellant presented it in her direct defense, it is admissible for impeachment contrary to the trial court's ruling and the majority opinion. See Smith v. State, 606 So.2d 641 (Fla. 1st DCA 1992). Appellant had the right to introduce testimony of the victim's conduct at the liquor store either as independent evidence or as impeachment. Her failure to do one does not waive the other.
The majority ill-advisedly relies upon Payne, as authority, because it has no precedential impact on this case. In Payne a government witness, when testifying on cross-examination in a drug case, opined that his girlfriend did not know he was a drug dealer. The defendant sought to impeach the witness by calling his girlfriend to testify that she knew he was a drug dealer. The U.S. district court disallowed the impeachment, as the issue was collateral to the defendant's guilt. In so doing, that court succinctly pointed out the parameters of the principle:
Our next inquiry therefore, is whether the proffered testimony of Darden relates to a collateral or irrelevant matter in Payne's trial. A matter is collateral if it "could not have been introduced into evidence for any purpose other than contradiction." Id. [U.S. v. Kozinski, 16 F.3d 795] at 806 [ (7th Cir.1994) ] (quoting United States v. Jarrett, 705 F.2d 198, 207 (7th Cir.1983)). To put it another way, "one may not contradict for the sake of contradiction; the evidence must have an independent purpose and an independent ground for admission." Id.

Payne, 102 F.3d at 294-95. That is a "far cry" from what occurred in this case.
Here, the victim, according to the proffer witnesses' testimony, was bellicose, aggressive, and unruly to the extent that such conduct was relevant to Appellant's self-defense claim under Smith. Specific acts of a victim are admissible if known by a defendant, and they put him or her in fear and apprehension that dictates self-defense. That is precisely what occurred here, as the victim was described by the proffer witnesses as unruly and wielding a baseball bat, and such conduct is clearly admissible under Smith.
Apparently, the majority determines the proffered testimony was waived because Appellant did not raise it in her case-in-chief. While that might be true had Appellant not proffered the same testimony for impeachment purposes, that is not the case here. In view of Appellant's obvious preservation of the issue, I know of no authority that supports such a premise. Appellant had every right to use it at either time and, if preserved, appeal any *1102 erroneous trial court ruling on the issue. Here Appellant, for reasons undetectable from the record, offered the testimony for impeachment and not as direct evidence. This was her prerogative, and the trial court incorrectly barred that right.
Even assuming arguendo that the proffered testimony was inadmissible, the presentation of the issue before the mistrial compels a new trial. The subject of the victim's conduct at the liquor store had been promised and presented to the jury during opening statement and the victim's cross-examination without objection. The trial court's failure to allow the proffered testimony, I conclude, permitted the jury to make an unrebutted inference that the victim was telling the truth about the liquor-store incident, and comments to the contrary were untrue. This departs from basic fairness and fundamental due process. Jurors' minds cannot be cleared like a blackboard. In this close case, which depends almost entirely on the witnesses' credibility, to deny use of the proffered testimony constitutes reversible error. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
In summary, because of the foregoing, I would reverse and order Appellant to be retried.
NOTES
[1] It is not material to the case's disposition to elaborate on the mistrial's cause. However, it was caused by the testimony of a state witness who allegedly gave surprise and unsolicited testimony. In my experience, such a surprise usually occurs when a witness has not been properly prepared by the counsel who calls the witness, and seldom just happens.