881 So.2d 95 (2004)
Willie Fred BAUCHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-2855.
District Court of Appeal of Florida, First District.
August 24, 2004.
Nancy A. Daniels, Public Defender; Terry Carley, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
On direct appeal from his conviction for resisting an arresting officer with violence, in contravention of section 843.01, Florida Statutes (2002), Willie Fred Baucham contends that the trial court erred in precluding *96 cross-examination of the arresting officers about antecedent events which, he maintains, biased them against him, motivated their use of excessive force during the arrest, and led to their giving false testimony against him at trial. Persuaded the trial court erred in failing to allow the defense to pursue this line of questioning, we reverse and remand for a new trial.
Mr. Baucham's defense at trial was that he was defending himself against unlawful or excessive force. While "[n]onviolent resistance to an unlawful arrest is no crime[, s]ee State v. Espinosa, 686 So.2d 1345 (Fla.1996); State v. Saunders, 339 So.2d 641 (Fla.1976)," Sims v. State, 743 So.2d 97, 100 (Fla. 1st DCA 1999), section 843.01 condemns violent resistance even to an unlawful arrest. On the other hand, the law "`permit[s] an individual to defend himself against unlawful or excessive force, even when being arrested.'" State v. Holley, 480 So.2d 94, 95 (Fla.1985) (quoting Ivester v. State, 398 So.2d 926, 930 (Fla. 1st DCA 1981)).
The defense theory was that Captain Steve James and Sergeant Gary Hunnings of the Apalachicola Police Department, the officers who arrested Mr. Baucham, used unlawful or excessive force against which he lawfully defended himself. See Johnson v. State, 634 So.2d 1144, 1145 (Fla. 4th DCA 1994); Holley, 480 So.2d at 95-96; Ivester, 398 So.2d at 929-30. Mr. Baucham contended that they arrested him on trumped up charges (as to which the trial court did in fact grant the defense's motion for judgment of acquittal at the close of the State's case). His theory was that they used excessive force in effecting his arrest since they had it in for him, because he had on another occasion complained about their job performance to the chief of police who had called them to task as a result.
The defense sought to establish, by cross-examining Captain James and Sergeant Hunnings, that (as the police chief had apparently already testified on deposition) Mr. Baucham had contacted the police chief, the officers' supervisor, and complained about their delay in the handling of a case. Mr. Baucham sought to prove that, because he had complained to the police chief, the police chief had instructed Captain James and Sergeant Hunnings to complete paperwork they had failed to submit. Mr. Baucham sought to show that this caused the officers to be "biased against him because he got them in trouble with ... their boss," "giving them a motive to try and get even with Mr. Baucham."
The trial court ruled that no cross-examination about Mr. Baucham's complaints to the police chief would be permitted, declaring the matter collateral and irrelevant. See Griffin v. State, 827 So.2d 1098, 1099 (Fla. 1st DCA 2002) ("An issue is collateral for purposes of impeachment by contradiction, if it cannot be introduced for any reason other than contradiction."); Strasser v. Yalamanchi, 783 So.2d 1087, 1095 (Fla. 4th DCA 2001) ("Evidence is collateral and therefore inadmissible when it neither (1) is relevant to prove an independent fact or issue nor (2) would discredit a witness by establishing bias, corruption, or lack of competency on the part of the witness.").
But a witness may be impeached by testimony tending to prove bias, even if the testimony concerns facts not otherwise germane. See § 90.608, Fla. Stat. (2002) ("Any party, including the party calling the witness, may attack the credibility of a witness by: ... (2) Showing that the witness is biased."); see also Harmon v. State, 394 So.2d 121, 125 (Fla. 1st DCA 1980) ("All witnesses are subject to cross-examination for the purpose of discrediting them by showing bias, prejudice or interest."). The cross-examination proposed here went to the credibility of Captain *97 James and Sergeant Hunnings, and should have been allowed. See Sanders v. State, 707 So.2d 664, 667 (Fla.1998) ("[L]imiting cross-examination in a manner that precludes relevant and important facts bearing on the trustworthiness of testimony constitutes error, especially when the cross-examination is directed at a witness for the prosecution."); Livingston v. State, 678 So.2d 895, 897 (Fla. 4th DCA 1996) ("Because liberty is at risk in a criminal case, a defendant is afforded wide latitude to develop the motive behind a witness' testimony...."); Lewis v. State, 570 So.2d 412, 416 (Fla. 1st DCA 1990) ("It is, of course, fundamental that a criminal defendant has a constitutional right to full and fair cross-examination to show a witness's possible bias or motive to be untruthful."), quashed on other grounds, Lewis v. State, 591 So.2d 922 (Fla.1991).
The proposed cross-examination also went to the putative motive for the alleged use of excessive force by Captain James and Sergeant Hunnings in the first place. For this reason, too, failing to permit the line of questioning proposed was error. See Lawson v. State, 651 So.2d 713, 715 (Fla. 2d DCA 1995) ("If the evidence is relevant to independently prove a material fact or issue, or if it goes to discredit a witness by pointing out bias, corruption, or lack of competency, it will be allowed."); compare Griffin, 827 So.2d at 1099 (finding no abuse of discretion in excluding testimony, as collateral, where offered solely to contradict a witness's testimony on an immaterial fact, and not to establish bias, corruption, or lack of competency). "[A defendant] has a constitutional right to confront his accuser and develop his defense through reasonable cross-examination." Lewis v. State, 591 So.2d at 925.
Reversed and remanded.
BROWNING, J., concurs; POLSTON, J., dissents with opinion.
POLSTON, J., dissenting.
The excluded testimony the lawyers proffered indicates that the paperwork in every Franklin County case takes a long time to be submitted, the paperwork was provided by the officers, and the officers were not reprimanded or disciplined in any way. The trial judge made a close relevance call, which I would affirm because there was no abuse of discretion. See Smith v. State, 843 So.2d 1010, 1011 (Fla. 1st DCA 2003) (ruling that the trial court did not abuse its discretion by prohibiting cross-examination of two police officers regarding prior reprimands); Forte v. State, 662 So.2d 432, 433 (Fla. 3d DCA 1995) (ruling that the trial court did not abuse its discretion by limiting cross-examination of police officers who were witnesses as to a prior internal affairs investigation); Sexton v. State, 697 So.2d 833, 837 (Fla.1997) (stating that "[a] trial court has broad discretion in determining the relevance of evidence and such a determination will not be disturbed absent an abuse of discretion").