## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 06 2019, 10:24 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kurt A. Young
Nashville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Devonne Mosley,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 6, 2019

Court of Appeals Case No.
18A-CR-2871

Appeal from the Marion Superior Court

The Honorable Helen Marchal, Judge

Trial Court Cause No.
49G15-1803-F6-9400

**Riley, Judge.**

# STATEMENT OF THE CASE

[1] Appellant-Defendant, Devonne Mosley (Mosley), appeals her conviction for pointing a firearm, a Class A misdemeanor, Ind. Code § 35-47-4-3(b).

[2] We dismiss.

# ISSUE

[3] Mosley presents one issue on appeal, which we restate as: Whether the State proved beyond a reasonable doubt that she committed the offense of pointing a firearm.

# FACTS AND PROCEDURAL HISTORY

[4] Mosley and Walter Parker (Parker) dated for seven years and had a child together. Their relationship ended sometime in the fall of 2017. On March 12, 2018, Parker and his friend K.B. went shopping at the City Gear on Pendleton Pike in Indianapolis. Someone associated with Mosley alerted Mosley to their presence at the store. When Parker and K.B. exited City Gear to return to Parker's car in the parking lot, Mosley drove up quickly in her SUV and parked next to Parker's car. In the backseat of Mosley's SUV were Mosley's child with Parker as well as two other children. Mosley exited her SUV and began shouting at K.B. Parker told K.B. to get in his car and lock the doors, which she did.

[5] Mosley tried all of the doors of Parker's car but found them to be locked. She then returned to her SUV and retrieved a nine-millimeter handgun. Mosley

banged on the window of Parker's car and ordered K.B. to exit. Mosley then went to the front of Parker's car and pointed the handgun at K.B. through the windshield, again ordering her to exit the car. Mosley pointed the handgun at K.B. intermittently for four-to-five minutes. Eventually, a woman told Mosley to return to her SUV. Parker and K.B. fled in his car, and Mosley left the scene in her SUV. A citizen who witnessed these events called 911 and provided the police with Mosley's license plate number. Parker went home and reported to police that Mosley had pointed a firearm at him and at K.B.

[6] On March 19, 2018, the State filed an Information, charging Mosley with two Counts of pointing a firearm as Level 6 felonies. On October 3, 2018, the trial court conducted Mosley's jury trial. After hearing the testimony of Parker and K.B., the jury found Mosley not guilty of pointing a firearm at Parker but guilty of pointing a firearm at K.B. On November 1, 2018, the trial court conducted Mosley's sentencing hearing. Evidence was presented that, as a United States Postal Service worker, Mosley would lose her employment if convicted of a felony. The trial court found that, in light of Mosley's lack of criminal record, it would enter judgment on the jury's guilty verdict as a Class A misdemeanor. The trial court sentenced Mosley to 365 days, all suspended to time-served and to probation.

[7] Mosley now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[8] Mosley requests that we review the sufficiency of the evidence supporting her conviction. The pointing a firearm statute provides that a "person who knowingly or intentionally points a firearm at another person commits a Level 6 felony. However, the offense is a Class A misdemeanor if the firearm was not loaded." I.C. § 35-47-4-3(b). The jury found Mosley guilty of Level 6 felony pointing a firearm, but the trial court entered judgment of conviction as a Class A misdemeanor. Mosley argues that the fact of whether the gun she pointed at K.B. was loaded was at issue and the State did not prove beyond a reasonable doubt that the gun was loaded. Mosley contends, therefore, that we must reverse and remand her case to the trial court "with instruction that it enter a judgment of conviction of the class A misdemeanor." (Appellant's Br. p. 10). The State counters that we should not address Mosley's claim of insufficiency of the evidence because it is moot, the trial court having already entered judgment as a Class A misdemeanor. In her Reply Brief, Mosley contends that her claim is not moot because her conviction may be viewed as a felony by a federal court in any future federal prosecutions for being a felon in possession of a firearm. Thus, we address the threshold issue of whether Mosley's case is moot.

[9] Generally, a case is deemed moot when no effective relief can be granted to the parties before the court. *Matter of Lawrance*, 579 N.E.2d 32, 37 (Ind. 1991). A moot case is usually dismissed. *Id*. Our supreme court has recognized that it may issue advisory opinions in some situations. *See Mosley v. State*, 908 N.E.2d

599, 603 (Ind. 2009) (noting that our state constitution does not limit its authority to "cases and controversies" as our federal Constitution limits the federal courts). Exceptions to the general rule for mootness are made for questions of great public interest which raise important policy concerns and are likely to recur. *Id.*

[10] Here, the trial court already granted the relief sought by Mosley when it entered judgment of conviction as a Class A misdemeanor. Thus, there is no further relief which could be granted. Her claim is moot and ordinarily would be dismissed by this court. *Matter of Lawrance*, 579 N.E.2d at 37. Mosley does not attempt to argue that her claim of insufficiency of the evidence supporting her conviction presents a matter of great public interest, important policy concerns, or a matter which is likely to recur. In her effort to circumvent the mootness of her case, Mosley does not provide any directly-applicable legal authority for her proposition that a federal court may view her conviction as a felony for purposes of any future prosecutions for the federal crime of being a felon in possession of a firearm under 18 U.S.C. § 922(g).

[11] Indeed, for purposes of the federal felon in possession of a firearm statute, what constitutes a prior felony conviction "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20); *see also U.S. v. Thompson*, 117 F.3d 1033, 1034 (7th Cir. 1997), *cert. denied* (noting that state law determines whether there is a predicate state-law conviction). At sentencing, an Indiana trial court may enter judgment of conviction on a felony as a misdemeanor. I.C. § 35-50-2-7(c). When a trial

court does so, the misdemeanor constitutes a new and different judgment which effectively vacates the prior judgment. *State v. Reinhart*, 112 N.E.3d 705, 715 (Ind. 2018). Thus, under Indiana state law, Mosley's conviction for Level 6 felony pointing a firearm was extinguished when the trial court entered judgment as a Class A misdemeanor. Mosley's argument based on federal law is not well-taken. Because the trial court already granted the relief sought by Mosley when it entered judgment as a class A misdemeanor, her case is moot.

# CONCLUSION

[12] Based on the foregoing, we conclude that Mosley's claim is moot and dismiss this appeal.

[13] Dismissed.

[14] Bailey, J. and Pyle, J. concur